KELLEHER v MILLS

1. NEGLIGENCE—MALPRACTICE—LIMITATION OF ACTIONS—TERMINA-
    TION OF SERVICES—DISCOVERY OF INJURY.

    An action based on malpractice by a state licensed person must
    be brought within two years of the time when such person
    discontinues treating or otherwise serving the plaintiff, or
    within two years of the time when the plaintiff discovers, or in
    the exercise of reasonable diligence should have discovered,
    those acts alleged to be tortious malpractice, whichever is later
    (MCLA 600.5805, 600.5838; MSA 27A.5805, 27A.5838).

2. JUDGMENT—ACCELERATED JUDGMENT—STATUTE OF LIMITATIONS—
    MATERIAL DISPUTES—DISCOVERY OF MALPRACTICE.

    Accelerated judgment in an action for malpractice based on the
    statute of limitations is improper where material factual dis-
    putes exist regarding discovery of the asserted malpractice.

3. NEGLIGENCE—WITNESSES—CONJECTURAL STATEMENTS—FACTS—SUB-
    STITUTIONS.

    A plaintiff's statement in an action for malpractice that he
    "might have" been treated by the defendant on a certain date
    is merely conjecture and cannot be substituted as fact.

4. LIMITATION OF ACTIONS—MALPRACTICE—REFUSAL TO TREAT—TREAT-
    MENTS—STATUTES.

    A doctor's refusal to treat a patient is not "treatment" within the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 9] 61 Am Jur 2d, Physicians and Surgeons §§ 181–185.
    Statute of limitations applicable to malpractice action against
    physician, surgeon, dentist, or similar practitioner. 80 ALR2d
    320.
[3] 30 Am Jur 2d, Evidence §§ 1081, 1091.
[5] 51 Am Jur 2d, Limitation of Actions § 135.
[6] 51 Am Jur 2d, Limitation of actions §§ 109, 126.
[7, 9] 63 Am Jur 2d, Products Liability §§ 221, 222.
    Statute of limitations: When cause of action arises on action against
    manufacturer or seller of product causing injury or death. 4
    ALR3d 821.
[8] 73 Am Jur 2d, Summary Judgment §§ 17, 26 *et seq.*

meaning of the statute limiting the time in which an action for malpractice may be maintained (MCLA 600.5805; MSA 27A.5805).

5. LIMITATION OF ACTIONS—PERSONAL INJURIES—IMPLIED CONTRACT— EXPRESS CONTRACT.

The 3-year statute of limitations for actions seeking recovery for injuries to person or property applies whether the action is grounded on implied or express contract (MCLA 600.5805[7]; MSA 27A.5805[7]).

6. LIMITATION OF ACTIONS—NATURE OF DAMAGES—FORM OF ACTION— DETERMINATION.

The nature of the damages sought, rather than the form of the action plaintiff has proceeded under, is determinative when choosing which of several statutes of limitations is applicable to a particular case.

7. PRODUCTS LIABILITY—WARRANTY OF QUALITY—BREACH OF WAR- RANTY—ACCRUAL OF BREACH—DISCOVERY OF BREACH—STAT- UTES.

A claim based on breach of warranty of quality or fitness accrues at the time the breach of warranty is discovered or reasonably should be discovered (MCLA 600.5833; MSA 27A.5833).

8. MOTIONS—FAILURE TO STATE CLAIM—SUMMARY JUDGMENT—ACCEL- ERATED JUDGMENT—COURT RULES.

A motion based on failure to state a claim upon which relief can be granted must be for summary judgment, not for accelerated judgment (GCR 1963, 116, 117).

9. ACTION—CONTRACT—BREACH OF WARRANTY—TORTS—MALPRACTICE —DISTINCTION OF ACTIONS—PROOF—DAMAGES—THEORY.

Actions for breach of warranty (contract) and malpractice are clearly distinct and are dissimilar as to theory, proof and damages recoverable; malpractice is predicated upon failure to exercise requisite medical skill and is tortious in nature, based on negligence and includes damages for pain and suffering while the action in contract is based upon failure to perform a special agreement, is unconcerned with negligence, and re- stricts damages to expenditures directly flowing from the breach.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted May 6, 1976, at Grand Rapids. (Docket No. 21943.) Decided August 3, 1976. Leave to appeal applied for.

Complaint by George T. Kelleher and Mary P. Kelleher against Marion L. Mills, D. D. S., for damages resulting from dental malpractice. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Wilcox, Robison & Dandenault,* for plaintiffs.

*Sullivan, Hamilton, Ryan, Schulz & Woodruff, P. C.,* for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

BASHARA, P. J. The appellants are Dr. George Kelleher, a medical doctor, and his wife Mary Kelleher. They brought this action to recover damages for a cancerous lesion that formed on the gum of Dr. Kelleher's lower jaw. The complaint alleges that the malignancy resulted from an ill-fitting dental plate manufactured and installed by the appellee, Dr. Marion Mills, D.D.S. The first three counts of the complaint predicate recovery on breach of warranty, malpractice, and fraudulent concealment. The fourth count is of a derivative nature seeking recovery by Mrs. Kelleher for loss of services and society of her husband.

The trial judge found that all four counts were barred by the statute of limitations and granted accelerated judgment. GCR 1963, 116.1(5). Appellants seek review.

In August of 1964, Dr. Mills began preliminary consultation with Dr. Kelleher regarding rehabilitation of Dr. Kelleher's mouth due to extensive gingivitis, including removal of teeth and preparation of dentures. In 1965, preparation of the dentures was formally undertaken by Dr. Mills. In

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1965 or 1966, Dr. Kelleher was fitted by Dr. Mills with upper and lower dentures.

Dr. Kelleher's depositional testimony discloses that in 1966 or 1967, he formed the opinion that the dentures did not fit properly. The upper denture had fractured a number of times, while both the upper and lower plates rocked and moved around. Dr. Kelleher admitted that, as a physician, he knew that ill-fitting dentures could cause cancer of the mouth.

However, Dr. Kelleher also explained that Dr. Mills chastized him for improperly wearing the dentures. Dr. Kelleher stated he was a lay person in dental matters and relied on the expertise of Dr. Mills.

A conflict exists as to when Dr. Mills discontinued treatment of Dr. Kelleher. An affidavit of Dr. Mills accompanying the motion for accelerated judgment asserts that he last treated Dr. Kelleher on October 22, 1968 and terminated service on November 17, 1968.

Dr. Kelleher denies that Dr. Mills terminated service in November of 1968. After that period of time Dr. Kelleher's memory appears to be somewhat cloudy. He first testified that Dr. Mills refused to treat him in May of 1969, as well as October or November of 1969. He subsequently testified that on the latter occasion he went to Dr. Mills' office and "might have" been treated, but he was "not certain of that".

No later than June 26, 1969,[1] a Dr. Borsum, D.D.S., recommended that the ill-fitting lower plate be replaced due to its improper fit which caused points of irritation in Dr. Kelleher's mouth.

[1] At his deposition Dr. Kelleher testified that Dr. Borsum's recommendation took place in 1969 or 1970. However, Dr. Kelleher's answers to interrogatories filed June 27, 1972, disclosed that he consulted with Dr. Borsum from 1966 through June 26, 1969.

It is alleged that cancer developed at one of these points of irritation.

In July of 1969, Dr. Dodge, D.D.S., manufactured an upper dental plate for Dr. Kelleher. However, no lower plate was made and Dr. Kelleher continued to wear the lower plate manufactured by Dr. Mills until discovery of the cancer.

The cancer was discovered in April of 1971. The complaint was filed on November 1, 1971.

The first issue for our consideration is whether the trial judge erred in determining that the statute of limitations barred the malpractice action.

In *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973), the Michigan Supreme Court set forth the following rule for accrual of malpractice actions for purposes of the statute of limitations:

"Accordingly we hold that an action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later."

See also MCLA 600.5805; MSA 27A.5805, and MCLA 600.5838; MSA 27A.5838.

The trial judge found that by stretching the imagination the last date of treatment was May of 1969. He further found that Dr. Kelleher should have discovered the malpractice as early as 1966, when he first experienced discomfort,[2] or no later

[2] The trial judge relied on *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972), which held that a cause of action for damages arising out of tortious injury to a person accrues when all the elements of the action occurred. The trial court found that the appellant had reason to discover his cause of action as early as 1966, when all the elements of the action accrued,

than July of 1969, when other dentists recommended replacement of the dental plates. Since the complaint was filed on November 1, 1971, the trial judge concluded the action was barred by the two year statute of limitations.

Accelerated judgment grounded on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice. *Winfrey v Farhat,* 382 Mich 380; 170 NW2d 34 (1969), *Cates v Frederick W Bald Estate,* 54 Mich App 717; 221 NW2d 474 (1974), *lv den,* 394 Mich 758 (1975).

We believe after review of the deposition and answers to interrogatories of Dr. Kelleher, and the affidavit of Dr. Mills, the evidence discloses that Dr. Mills last treated Dr. Kelleher either in October or November of 1968. Dr. Kelleher did not raise a factual question as to whether he was actually treated in November of 1969. Dr. Kelleher's statement that he "might have" been treated by Dr. Mills is merely conjecture and cannot be substituted as fact. *Dionne v Pierson Contracting Co,* 2 Mich App 134, 139; 138 NW2d 555 (1965).

We reject any suggestion that refusal to treat is "treating or otherwise serving the plaintiff" within the meaning of MCLA 600.5838; MSA 27A.5838.[3] To hold as such, would for all practical purposes, extend the statute of limitations indefinitely. Plaintiffs could continually request treatment to extend the statute of limitations against a doctor

including damages for pain and suffering due to the ill-fitting dentures.

[3] "A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person *discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose.*" (Emphasis supplied.) MCLA 600.5838; MSA 27A.5838.

who had previously terminated service to the plaintiff.

Since treatment in the instant case ended some three years before the action was instituted, the statute of limitations for malpractice would seem to bar the action, unless the action had not accrued under the discovery rule of *Dyke v Richard, supra.*

In *Johnson v Caldwell,* 371 Mich 368; 123 NW2d 785 (1963), Justice O'HARA speaking for a unanimous Supreme Court quoted *Ayers v Morgan,* 397 Pa 282, 285; 154 A2d 788 (1959), as follows:

"[I]t would be 'illogical and unintelligent' to require a patient to determine on the date he last consults a physician that malpractice has taken place, when he in fact relies upon the advice that constitutes the malpractice. So to hold would punish the patient who relies upon his doctor's advice and places a premium on skepticism and distrust."

In *Cates v Frederick W Bald Estate, supra,* Judge [formerly Justice] O'HARA writing for a panel of this Court found a question of fact existed as to whether the plaintiff had discovered the asserted malpractice. In *Cates* the plaintiff brought a medical malpractice action sometime after April of 1971 charging that a surgical needle was left in her abdomen during an operation occurring in 1949. Plaintiff's deposition disclosed that she was aware of the presence of the needle as early as 1962. However, the Court questioned whether the plaintiff knew of the asserted malpractice when it asked rhetorically:

"But the question abides how could she know it was malpractice (if it was) to be told 'you forget about that needle' and 'your trouble is nothing but nerves'

* * * ?" *Cates v Frederick W Bald Estate, supra,* at 721.

In the case at bar Dr. Kelleher was aware that the dentures fit improperly and that ill-fitting dentures could cause cancer of the mouth. But the question remains did Dr. Kelleher, as a lay person in the dental field, relying on the expertise of Dr. Mills, discover or in the exercise of reasonable diligence should he have discovered the asserted malpractice, in the face of comments by Dr. Mills that, "it was my [Dr. Kelleher's] fault", that "I [Dr. Kelleher] didn't know how to wear dentures", and that "I [Dr. Kelleher] was a lousy denture wearer". This is a question to be resolved by the trier of fact. The trial judge erred in granting the motion for accelerated judgment on the malpractice count. GCR 1963, 116.3.

Finally, we reject appellant's contention that the discovery of the malpractice is the date on which discovery of the physical injury occurs. The discovery rule set forth in *Dyke v Richard, supra,* at 747 specifically uses the words "asserted malpractice". We read the rule to mean the date the appellant discovered, or by the exercise of reasonable diligence should have discovered, those acts of the appellee alleged to be tortious malpractice. See *Whitney v Gallagher,* 64 Mich App 46, 50–51; 235 NW2d 57 (1975).

We next consider whether the trial judge erred in granting accelerated judgment on plaintiff's theory of breach of warranty. The court concluded that the nature of the wrong on which the action was based was malpractice, and therefore controlled by the two year statute of limitations for malpractice. MCLA 600.5805(3); MSA 27A.5805(3).

In *State Mutual Cyclone Insurance Co v O & A*

*Electric Cooperative,* 381 Mich 318, 324–325; 161 NW2d 573 (1968), the Michigan Supreme Court made it abundantly clear that the three year statute of limitations for actions seeking recovery for injuries to person or property, MCLA 600.5805(7); MSA 27A.5805(7), applies whether grounded on implied or express contract. The Court stated:

"[I]t makes no difference what form of action the plaintiff institutes in seeking recovery for damages to property or person, but in all cases such action comes within the 3-year limitation rule. There is a total absence of any legislative mandate or thought that we distinguish between actions on express contracts to recover damages for injury to person or property and actions based upon implied contract, * * * ."

In *Rach v Wise,* 46 Mich App 729; 208 NW2d 570 (1973), *lv den,* 390 Mich 778 (1973), the plaintiffs brought an action for breach of contract for permanent physical injuries suffered as a result of a vasectomy performed by the defendant. The panel considered the application of the two year statute of limitations for malpractice, MCLA 600.5805(3); MSA 27A.5805(3), the three year statute of limitations for injuries to person or property, MCLA 600.5805(7); MSA 27A.5805(7), or the six year statute of limitations for breach of contract. MCLA 600.5807(8); MSA 27A.5807(8). The majority in *Rach* set forth the following rule regarding selection of the appropriate statute of limitations from among several choices:

"[W]hen choosing which of several statutes of limitations is applicable to a particular case is that the nature of damages sought, rather than the form of the action plaintiff has proceeded under, is determinative." *Rach v Wise, supra,* at 731–732.

Relying principally on *State Mutual Cyclone Insurance Co v O & A Electric Cooperative, supra,* the *Rach* Court concluded that although the plaintiffs' action was premised on express contract, the three year statute of limitations controlled since recovery was sought for personal injury.

We believe that *Rach v Wise, supra,* has application here. Count one alleges breach of warranty, not malpractice[4] so the two year statute of limitations for malpractice does not apply. Since count one seeks recovery for personal injury the three year statute of limitations, MCLA 600.5805(7); MSA 27A.5805(7), applies.

An action for breach of warranty accrues as provided by MCLA 600.5833; MSA 27A.5833:

"In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered."

Since the trial judge improperly considered the motion for accelerated judgment on plaintiff's theory for breach of warranty under the two year statute of limitations, we remand for reconsideration of the motion in light of the above discussion.

The final issue for our consideration is whether

---

[4] There is clearly a distinction between an action for breach of warranty or contract and one for malpractice:

"The 2 causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act. In the contract action they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof." *Stewart v Rudner,* 349 Mich 459, 468; 84 NW2d 816 (1957), *Johnson v Caldwell,* 371 Mich 368, 381; 123 NW2d 785 (1963).

the trial judge erred in granting accelerated judgment with respect to fraudulent concealment. The court found that the appellants failed to allege facts that could support fraudulent concealment. A motion for failure to state a claim upon which relief can be granted must be asserted by a motion for summary judgment under GCR 1963, 117, and not be made by motion for accelerated judgment under GCR 1963, 116. *Pompey v General Motors Corp,* 385 Mich 537, 563; 189 NW2d 243 (1971).

Reversed and remanded for proceedings consistent with this opinion.

Costs to abide the outcome.