LEFEVER v AMERICAN RED CROSS

Docket No. 49213. Submitted March 6, 1981, at Detroit.—Decided July 27, 1981.

Mary L. Lefever brought an action in Wayne Circuit Court against American Red Cross alleging that certain blood platelets supplied by defendant to University Hospital and administered to plaintiff while a patient there caused her to contract serum hepatitis. Defendant countered by moving for accelerated judgment on the ground that plaintiff's claim was barred by the statute of limitations. Defendant's motion was granted, John E. Hausner, J. Plaintiff appeals. *Held:*

Plaintiff's claim is barred by the statute of limitations regardless of whether the 3-year negligence statute of limitations or the 2-year malpractice statute of limitations applies. The trial court did not err in granting defendant's motion for accelerated judgment.

Affirmed.

1. LIMITATION OF ACTIONS — NEGLIGENCE — STATUTES.

The statute of limitations for bringing a negligence action is three years from the date of injury (MCL 600.5805[8]; MSA 27A.5805[8]).

2. TORTS — CAUSE OF ACTION.

A cause of action arising out of tortious injury to a person

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitations of Actions §§ 107, 135, 136.

[2] 74 Am Jur 2d, Torts § 8 *et seq.*

[3] 51 Am Jur 2d, Limitations of Actions § 138.

[4] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers §§ 318, 319, 321.

When does cause of action accrue for medical malpractice claim under Civil Rights Act of 1871 (42 USCS § 1983). 52 ALR Fed 780.

Statutes of limitations applicable to malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 320.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

[5] 51 Am Jur 2d, Limitation of Actions § 470.

accrues when all of the elements of the cause have occurred and can be alleged in a proper complaint; these elements are four in number: (1) the existence of a legal duty by defendant toward plaintiff; (2) the breach of such duty; (3) a proximate causal relationship between the breach of such duty and the injury to the plaintiff; and (4) the plaintiff must have suffered damages.

3. LIMITATION OF ACTIONS — NEGLIGENCE.

The running of the statute of limitations in a negligence action is not delayed until the discovery of the identity of the alleged tortfeasor when that knowledge is ascertained after the date that all of the elements of the cause of action have occurred.

4. LIMITATION OF ACTIONS — MALPRACTICE — STATUTES.

A malpractice claim must be brought within two years after treatment is discontinued or within six months of the time the asserted malpractice is or should have been discovered, whichever is later (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

5. JUDGMENTS — ACCELERATED JUDGMENT — STATUTE OF LIMITATIONS — MATERIAL DISPUTES — DISCOVERY OF MALPRACTICE.

Accelerated judgment in an action for malpractice based on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice; a person must know of the act or omission itself and have good reason to believe the act itself was improper or was done in an improper manner in order to discover asserted malpractice; mere knowledge of the act will be sufficient, under certain circumstances, where it alone gives good reason to believe the act was improper.

*Maples & Wood,* for plaintiff.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Donald A. Ducastel),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

D. E. HOLBROOK, JR., P.J. Plaintiff appeals as of right from an order of the trial court granting defendant's motion for accelerated judgment on

the grounds that plaintiff's claim was barred by the statute of limitations.

On February 18, 1976, the plaintiff received a transfusion of blood platelets while an in-patient at the University Hospital in Ann Arbor. Later the same day, one of the physicians treating plaintiff advised her that at least one of the units of platelets was diseased with serum hepatitis and that she would likely contract hepatitis.

Plaintiff was readmitted to University Hospital on July 23, 1976, and discharged August 2, 1976, when she was diagnosed as having severe serum hepatitis, which later developed into chronic hepatitis.

Plaintiff alleges that defendant furnished all units of platelets to University Hospital which were subsequently administered to her. The defendant failed to discover the donor's history of serum hepatitis because the donor's name had been misspelled. The misspelled name cross-matched with a donor who had no history of hepatitis. After finding their error, defendant informed University Hospital.

On October 9, 1979, plaintiff filed her complaint against defendant. Defendant countered with a motion for accelerated judgment on the ground that plaintiff's claim was barred by the statute of limitations. After consideration of the facts alleged in plaintiff's complaint, briefs submitted on behalf of both parties and oral argument, the circuit court granted defendant's motion. In so ruling, the court found that, even if the medical malpractice statute applied, as plaintiff contended, plaintiff should have discovered the cause of action sooner and her claim was now barred by the statute of limitations. We agree.

The sole issue on appeal is whether the trial

court erred in granting the defendant's motion for accelerated judgment. Whether this case is characterized as a negligence case, as defendant contends, or as a malpractice case, as plaintiff contends, either statute of limitations bars plaintiff's claim. It is unnecessary for us to decide in this case whether the procurement and distribution of whole blood or blood derivatives fall within the purview of the three-year (negligence) or two-year (malpractice) statute of limitations.

## NEGLIGENCE

MCL 600.5805(7); MSA 27A.5805(7)[1] is the applicable statute of limitations with respect to negligence. The statute of limitations is three years from the date of injury.

The date on which the three-year period commenced to run remains to be determined. A cause of action arising out of tortious injury to a person accrues when all the elements of the cause of action have occurred and can be alleged in a proper complaint. These elements are:

1. The existence of a legal duty by defendant toward plaintiff;

2. the breach of such duty;

3. the proximate causal relation between the breach of such duty and an injury to the plaintiff; and

4. the plaintiff must have suffered damages.
*Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972), *William C Reichenbach Co v Michigan,* 94 Mich App 323; 288 NW2d 622 (1979).

We find that the three-year statute of limita-

[1] MCL 600.5805(7); MSA 27A.5805(7) is now MCL 600.5805(8); MSA 27A.5805(8).

tions began to run no later than August 2, 1976. The diseased blood was administered to the plaintiff on February 18, 1976. On the same day, she was informed of this by her physician, who also told her she would likely contract hepatitis. By August 2, 1976, plaintiff was diagnosed as having serum hepatitis. As of August 2, 1976, all the elements of the cause of action had occurred and could have been alleged in a proper complaint. Since plaintiff's complaint was filed on October 9, 1979, it was not filed within the three-year period.

Plaintiff claims that her cause of action did not accrue until she knew of defendant's involvement with the blood platelets. The accrual date of plaintiff's cause of action is not delayed until she becomes aware of the identity of the alleged tortfeasor that might ultimately be liable for her injuries. *Thomas v Ferndale Laboratories, Inc,* 97 Mich App 718; 296 NW2d 160 (1980).

## MALPRACTICE

A malpractice claim is governed by MCL 600.5805(3); MSA 27A.5805(3)[2] and MCL 600.5838; MSA 27A.5838, which require commencement of suit within two years after treatment is discontinued or within six months of the time the asserted malpractice is or should have been discovered, whichever is later.

Since treatment by the defendant was discontinued before August 2, 1976, it is evident that the plaintiff exceeded the two-year limitation. The question now becomes when, by the exercise of reasonable diligence, should the plaintiff have discovered the existence of a claim.

[2] MCL 600.5805(3); MSA 27A.5805(3) is now MCL 600.5805(4); MSA 27A.5805(4).

In order for a court to conclude as a matter of law that a person has or should have discovered asserted malpractice, it must be shown that the person knew of the act or omission itself and had good reason to believe the act itself was improper or was done in an improper manner. Under certain circumstances, mere knowledge of the act will be sufficient because the act alone, *i.e.,* transfusion of diseased blood, gives good reason to believe it was improper. *Leary v Rupp,* 89 Mich App 145, 149; 280 NW2d 466 (1979).

In the instant case, as early as February 18, 1976, the plaintiff knew she had received blood diseased with hepatitis. By August 2, 1976, plaintiff knew she had contracted hepatitis. The transfusion of diseased blood gave plaintiff good reason to believe the act was improper. Thus under the "time of discovery" rule, the claim is barred.

Plaintiff also argues that the motion for accelerated judgment was improperly granted because factual questions existed as to whether she could have discovered the identity and involvement of the defendants sooner. Accelerated judgment is improper where material factual disputes exist regarding discovery of the alleged malpractice. *Jackson v Vincent,* 97 Mich App 568, 572; 296 NW2d 104 (1980). However, the "time of discovery" rule relates to the discovery of the asserted malpractice and not the discovery of defendant's identity or involvement.

The trial court therefore did not err in granting defendant's motion for accelerated judgment.

Affirmed. Costs to appellee.