PELTIER v ELDREDGE

Docket No. 64821. Submitted June 6, 1983, at Detroit.—Decided September 7, 1983.

Richard Peltier was hospitalized at the Bon Secours Hospital from August to October, 1977. While he was a patient at the hospital, Edward F. Eldredge, M.D., ordered that certain medication be administered to him. Peltier suffered auditory nerve damage as a result of the medication. On April 23, 1979, Peltier, individually and as the personal representative of the estate of Emily Peltier, deceased, brought suit in Wayne Circuit Court against Eldredge. On December 18, 1981, the court granted plaintiff's motion to add another defendant, Bon Secours Hospital. The court, Theodore R. Bohn, J., denied the defendant hospital's motion for accelerated judgment based on the period of limitations finding that there was a factual dispute concerning the date of discovery of the malpractice. The defendant hospital appealed by leave granted. *Held:*

The decision of the lower court should be reversed and accelerated judgment granted for defendant Bon Secours Hospital. Claims for malpractice are governed by a two-year limitations period; however, a malpractice action may be commenced within six months after a plaintiff discovers, or should have discovered, the existence of the claim. Here, the plaintiff knew of the alleged malpractice long before he added the hospital as a party. He may not avail himself of the "time of discovery" rule to remedy his failure to discover, in a timely fashion, the nature of the defendant hospital's complicity in that alleged malpractice.

Reversed and remanded.

1. LIMITATION OF ACTIONS — MALPRACTICE.

Claims for malpractice are governed by a two-year statute of

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 316, 318, 321.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

limitations; a malpractice action may, however, be commenced within six months after a plaintiff discovers, or should have discovered, the existence of the claim (MCL 600.5805[4], 600.5838[2]; MSA 27A.5805[4], 27A.5838[2]).

2. LIMITATION OF ACTIONS — MALPRACTICE — ACCELERATED JUDGMENT.

Accelerated judgment in an action for malpractice based on the statute of limitations is improper where material factual disputes exist regarding discovery of the asserted malpractice; a person must know of the act or omission itself and have good reason to believe the act itself was improper or was done in an improper manner in order to discover asserted malpractice.

3. LIMITATION OF ACTIONS — MALPRACTICE — TIME OF DISCOVERY RULE.

The "time of discovery" rule for purposes of the limitation period for malpractice actions relates to the discovery of the asserted malpractice and not the discovery of a defendant's identity or involvement (MCL 600.5838[2]; MSA 27A.5838[2]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for the plaintiff.

*Franklin, Petrulis, Lichty & Mellon, P.C.* (by *James T. Mellon* and *Steve J. Weiss*), for Bon Secours Hospital.

Before: D. F. WALSH, P.J., and BEASLEY and D. L. SULLIVAN,* JJ.

PER CURIAM. Defendant, Bon Secours Hospital, appeals by leave granted the order of the circuit court denying the hospital's motion for accelerated judgment. GCR 1963, 116.1(5).

Plaintiff filed suit against Edward F. Eldredge, M.D., a defendant not involved in this appeal, on April 23, 1979. Plaintiff alleged that, during his August to October, 1977, stay at Bon Secours Hospital, Dr. Eldredge ordered that certain medi-

* Circuit judge, sitting on the Court of Appeals by assignment.

cation be administered to him. Plaintiff suffered auditory nerve damage as a result of the medication.

In 1980, plaintiff twice amended his complaint to add two pharmaceutical companies as parties defendant, E. R. Squibb & Sons, Inc., and Burroughs Wellcome. These defendants are not involved in this appeal.

On December 18, 1981, the court granted plaintiff's motion to add yet another defendant, Bon Secours Hospital. As to the hospital, plaintiff alleged negligence as follows:

"a. In the defendant herein failing at all time pertinent hereto to maintain a policy and/or protocol for the use and administration of Neomycin, Neosporin, and Gentamycin within said institution when these defendants knew, or in the exercise of reasonable care should have known, that Neosporin, Neomycin, and Gentamycin are ototoxic agents;

"b. In the defendant herein, and its agents, servants and/or employees, failing to monitor the administration of Neomycin, Neosporin, and Gentamycin by the physicians on its staff, and in particular Dr. Eldredge, at all times pertinent hereto to prevent excessive doses of said ototoxic agents from being given to its patients, and specifically, Richard Peltier;

"c. In the defendant herein, and through its agents, servants and/or employees, failing to maintain a policy and/or procedure of monitoring patients, and in particular Richard Peltier, who were being treated with Neosporin, Neomycin and/or Gentamycin when the defendants knew, or in the exercise of reasonable care should have known, that failure to so monitor said patients, and in particular Richard Peltier, could ultimately lead to hearing loss;

"d. In the defendant herein, and through its agents, servants and/or employees, permitting said ototoxic agents to be prescribed, administered, and dispensed within defendant hospital at all times pertinent hereto when the defendants knew, or in the exercise of reason-

able care should have known, that the risks of prescribing, administering, and dispensing said ototoxic agents far outweighed the benefit of said ototoxic agents to its patients, and in particular, to Richard Peltier."

Defendant hospital moved for accelerated judgment, claiming expiration of the statutory limitations period. See MCL 600.5805(4), 600.5838(2); MSA 27A.5805(4), 27A.5838(2). The trial court found that there was a factual dispute concerning the "date of discovery" and denied the motion for accelerated judgment. GCR 1963, 116.3. We reverse.

Claims for malpractice are governed by a two-year statute of limitations. MCL 600.5805(4); MSA 27A.5805(4). A malpractice action may, however, be commenced within six months after the plaintiff discovers, or should have discovered, the existence of the claim. MCL 600.5838(2); MSA 27A.5838(2).

According to plaintiff, it was not until he deposed the associate administrator and acting chief executive of the hospital that he became aware of the hospital's malpractice. That deposition was held on November 13, 1981. Only then, according to plaintiff, did he learn that the hospital had no "policy, protocol, procedure, or review committee to monitor the use and administration of the ototoxic agents in question that caused [his] injuries".

This Court discussed the "date of discovery" malpractice rule in *Lefever v American Red Cross,* 108 Mich App 69, 74; 310 NW2d 278 (1981):

"In order for a court to conclude as a matter of law that a person has or should have discovered asserted malpractice, it must be shown that the person knew of the act or omission itself and had good reason to believe

the act itself was improper or was done in an improper manner.

* * *

"Accelerated judgment is improper where material factual disputes exist regarding discovery of the alleged malpractice. *Jackson v Vincent,* 97 Mich App 568, 572; 296 NW2d 104 (1980). However, the 'time of discovery' rule relates to the discovery of the asserted malpractice and not the discovery of defendant's identity or involvement."

In *Lefever,* the plaintiff received a blood transfusion at an Ann Arbor hospital on February 18, 1976, and on the same day was told that at least some of the blood was diseased with serum hepatitis and that she would likely contract hepatitis. On August 2, 1976, she was diagnosed as having the disease. On October 9, 1979, the plaintiff filed her complaint against the American Red Cross, which had furnished the blood to the hospital. Accelerated judgment was granted to the defendant, based on the running of the period of limitations. On appeal, this Court affirmed, rejecting the plaintiff's reliance on the "time of discovery" malpractice rule since: (1) on February 18, 1976, the plaintiff knew she had received diseased blood, by August 2, 1976, she knew she had contracted hepatitis, and she had good reason to believe the transfusion of diseased blood was improper; and (2) there were no material factual questions as to when she discovered the alleged malpractice.

Similarly, the instant plaintiff knew, long before adding the hospital as party defendant, that he had received certain medication and that he had suffered hearing loss possibly as a result of the medication. In short, he knew of the alleged malpractice. He cannot avail himself of the "time of discovery" rule to remedy his failure to discover in

a timely fashion the nature of defendant hospital's complicity in that alleged malpractice.

We reverse the trial court's order, and direct that accelerated judgment be entered for defendant Bon Secours Hospital. Remanded to the circuit court for further proceedings not inconsistent with this opinion.