CHERNAVAGE v GROMADA

Docket No. 72343. Submitted June 11, 1984, at Lansing.—Decided
November 5, 1984. Leave to appeal applied for.

Plaintiffs, Betty ˙and Peter Chernavage, brought an action on
September 16, 1981, in the Bay Circuit Court against defen-
dants, J. C. Gromada, D.O., and Bay Osteopathic Hospital,
alleging medical malpractice. The cause of action arose out of a
factual situation wherein the defendant doctor allegedly per-
formed a posterior colporrhaphy (narrowing of the vagina) on
the plaintiff wife while performing bladder repair surgery at
the defendant hospital on August 1, 1978. The colporrhaphy
was alleged to have been performed without Mrs. Chernavage's
consent and resulted in a condition evidencing pain when
intercourse was attempted. Defendant doctor continued to state
to the plaintiffs that the problem would get better. On March
18, 1981, Mrs. Chernavage was admitted by Dr. Payne, her
family physician, to defendant hospital with a diagnosis of a
fractured rib, urinary infection and vaginal stenosis (constric-
tion of the vagina). Dr. Oh, a consulting doctor, performed
repair surgery on Mrs. Chernavage's vagina and informed her
that her stenotic condition was the result of the previous
surgery performed by defendant Gromada. Plaintiffs thereafter
brought this action. The trial court, Eugene Penzien, J., there-
after granted the defendants' motions for accelerated judgment,
finding that plaintiffs' action was barred by the applicable
statute of limitations. Plaintiffs appeal. *Held:*

1. Although Mrs. Chernavage knew on August 1, 1978, that
she had not consented to the colporrhaphy, her knowledge of
the act itself was insufficient to give her reason to know that it
was improperly performed.

2. The representations of defendant Gromada that Mrs. Cher-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 321.
When statute of limitations commences to run against malpractice
action against physician, surgeon, dentist, or similar practitioner.
80 ALR2d 368.
[2, 5] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 362.
[3, 5] 51 Am Jur 2d, Limitation of Actions §§ 109, 488.

navage's condition would improve in time delayed discovery. Because of the delicate and highly personal nature of the surgery and Dr. Gromada's assurances that the dysfunction would improve with time, although the plaintiffs were aware by Christmas of 1978 that the colporrhaphy was the source of Mrs. Chernavage's sexual dysfunction, it cannot be said as a matter of law that plaintiffs knew or should have known that the surgery was improperly performed at that time.

3. A factual dispute existed for the jury to decide in regard to the date of discovery of the alleged malpractice. The order granting the accelerated judgments is reversed.

Reversed and remanded.

CYNAR, J., dissented and would hold that the period of limitation had run and that the accelerated judgments were therefore properly granted. He views the facts as indicating that the plaintiff knew or should have discovered the malpractice within days or, at most, within several months following the alleged August 1, 1978, malpractice date. He would affirm.

OPINION OF THE COURT

1. TORTS — LIMITATION OF ACTIONS — MALPRACTICE.

An action involving a claim based on malpractice may be commenced within two years after the claim first accrues or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later (MCL 600.5805, 600.5838[2]; MSA 27A.5805, 27A.5838[2]).

2. JUDGMENTS — ACCELERATED JUDGMENT — MALPRACTICE.

An accelerated judgment is improper in a malpractice action where a material factual dispute exists regarding the date of the discovery of the alleged malpractice.

3. JUDGMENTS — ACCELERATED JUDGMENT — LIMITATION OF ACTIONS — JURY.

An accelerated judgment may be granted based on the running of the period of limitations when a jury trial has been requested, where, based on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by a statute of limitations; where there are factual disputes regarding when discovery occurred or reasonably should have occurred, the discovery issue is a question of fact to be decided by the jury.

4. TORTS — LIMITATION OF ACTIONS — MALPRACTICE.

A trial court in a malpractice action may conclude as a matter of law that a plaintiff should have known or discovered his

malpractice claim as of a certain date where it is shown that on that date the plaintiff knew of the act or omission itself and had good reason to believe that the act itself was improper or was done in an improper manner; knowledge of the act and resulting injury alone may be insufficient to commence the running of the period of limitations, but it is not necessary that the plaintiff recognize that he has suffered an invasion of a legal right; mere knowledge of the act will be sufficient under certain circumstances because it alone gives good reason to believe that it was improper, however, a person may know of both the act and some resulting pain but not be aware of any wrongdoing by the defendant, since knowledge of an operation and subsequent pain is insufficient in itself to make a patient aware of wrongdoing in the operation.

DISSENT BY CYNAR, J.

5. TORTS — ACCELERATED JUDGMENT — LIMITATION OF ACTIONS —
   MALPRACTICE.

   *An accelerated judgment based on the running of the period of limitations is proper in a malpractice action in which there are no material facts in dispute regarding the date that the plaintiff discovered or should have discovered the existence of the malpractice claim and where the period of limitations had run before the date that the complaint was filed (MCL 600.5838[2]; MSA 27A.5838[2]).*

*Borrello, Thomas & Jensen, P.C.* (by *Michael D. Thomas* and *Jill K. Smith*), for plaintiffs.

*Smith & Brooker, P.C.* (by *Douglas C. Smith*), for Dr. Gromada.

*Franklin, Petrulis, Bigler, Berry & Johnston, P.C.* (by *Bruce E. Bigler*), for Bay Osteopathic Hospital.

Before: V. J. BRENNAN, P.J., and CYNAR and E. F. OPPLIGER,* JJ.

V. J. BRENNAN, P.J. Plaintiffs appeal as of right from a Bay County Circuit Court order entered on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

June 17, 1983, granting defendants' motions for accelerated judgment. The trial court granted defendants' motions after determining as a matter of law that plaintiffs' malpractice complaint was barred by the statute of limitations. MCL 600.5838(2); MSA 27A.5838(2); GCR 1963, 116.1(5).

On August 1, 1978, at defendant Bay Osteopathic Hospital, Dr. Gromada performed bladder repair surgery on plaintiff Betty Chernavage. At the same time, in order to supplement and augment the bladder repair procedure, defendant Gromada performed a posterior colporrhaphy (narrowing of the vagina). In their complaint filed on September 16, 1981, plaintiffs alleged that defendant Gromada performed the posterior colporrhaphy without first obtaining Mrs. Chernavage's consent. Mrs. Chernavage stated in her deposition that she was made aware of the colporrhaphy that same day, after the surgery was performed. She claimed that defendant Gromada did not respond to her inquiries about his reasons for making her vagina smaller.

Mrs. Chernavage was discharged from Bay Osteopathic Hospital on August 11, 1978. When she returned to defendant Gromada's office on September 1, 1978, for post-operative care, she complained that since the surgery she suffered pain whenever she attempted to have sexual intercourse with her husband and that it was not possible to have intercourse. Mrs. Chernavage testified that defendant Gromada assured her that the surgery had gone well and he told her to keep trying and it would get better.

By Christmas of 1978, plaintiffs had attempted sexual intercourse numerous times and they found that full penetration could not be achieved and sexual intercourse could not be completed because it was too painful for her. Mrs. Chernavage testi-

fied that she believed that after this operation there was a problem that she had not had before. She stated that she did not go to another physician regarding the problem because she was ashamed of it.

Mr. Chernavage testified at his deposition that for three to four months after his wife was released from Bay Osteopathic Hospital all their attempts to have sexual intercourse were unsuccessful. He testified that as soon as they attempted intercourse for the first time (September, 1978) after his wife's surgery it was obvious that something defendant Gromada had done during the course of surgery made it impossible for them to have intercourse.

On March 16, 1981, Dr. Payne, plaintiff's family physician, admitted Mrs. Chernavage to Bay Osteopathic Hospital with a diagnosis of a fractured left rib, urinary infection and vaginal stenosis, a constriction of the vagina. Dr. Payne requested that Dr. Oh consult with him regarding the problem of the vaginal stenosis. On March 18, 1981, Dr. Oh performed repair surgery on Mrs. Chernavage's vagina and informed Mrs. Chernavage that her stenotic condition was the result of the previous surgery performed by defendant Gromada.

Plaintiffs first claim that the trial court erred in granting defendants' motions for accelerated judgment because a material factual dispute existed as to the date of discovery of the alleged malpractice.

Plaintiffs' complaint was filed on September 16, 1981, more than two years after the last date of treatment by defendant Gromada in September, 1978. However, plaintiffs argue that they filed their complaint within six months after they discovered the alleged malpractice on March 18, 1981, and that their action was not barred by the statute of limitations.

MCL 600.5838(2); MSA 27A.5838(2) states:

"(2) An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within *6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.* The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred." (Emphasis added.)

At issue is whether plaintiffs' action was saved by the six-month discovery rule.

Accelerated judgment is improper when a material factual dispute exists regarding the date of discovery of the alleged malpractice. *Lefever v American Red Cross,* 108 Mich App 69, 74; 310 NW2d 278 (1981); *Jackson v Vincent,* 97 Mich App 568, 572; 296 NW2d 104 (1980); *Leyson v Krause,* 92 Mich App 759; 285 NW2d 451 (1979); *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979).

In this case, plaintiffs demanded a jury trial. In *Wallisch v Fosnaugh,* 126 Mich App 418, 424; 336 NW2d 923 (1983), *lv den* 418 Mich 871 (1983), the Court determined that if there are factual disputes regarding when discovery occurred or reasonably should have occurred, the discovery issue is a question of fact to be decided by the jury.

"Where a jury trial has been requested, accelerated judgment should be granted only if, based on the undisputed facts, the trial court can properly conclude as a matter of law that the plaintiff's claim is barred by the statute of limitations." *Id.,* p 424.

Under the rule of *Leary v Rupp, supra,* in order for a court to conclude as a matter of law that a plaintiff knew or should have known of his or her malpractice claim as of a certain date (has or should have discovered), it must be shown that the plaintiff knew of the act or omission itself and had good reason to believe that the act itself was improper or was done in an improper manner.

When formulating this two-pronged test, the *Leary* Court stated:

"A person usually visits a doctor because of a physical or mental problem. Therefore, it is easy to assume that subsequent developments are due to the problem which initiated the contract rather than negligence on the part of the doctor. In addition, the doctor himself may allay any suspicions the patient might have. See *Kelleher [v Mills,* 70 Mich App 360; 245 NW2d 749 (1976);] *Cates v Frederick W Bald Estate,* 54 Mich App 717; 221 NW2d 474 (1974). For these reasons knowledge of the act and resulting injury alone may be insufficient to commence the running of the statute of limitations. On the other hand, it is not necessary that the plaintiff recognize that she had suffered an 'invasion of a legal right'. *Patterson v Estate of Flick,* 69 Mich App 101; 244 NW2d 371 (1976). * * *

"Under certain circumstances mere knowledge of the act will be sufficient because it alone gives good reason to believe it was improper. * * *

"In contrast, a person may know of both the act and some resulting pain but not be aware of any wrongdoing by defendant." 89 Mich App 148-149.

Relying on *Leary,* defendant Bay Osteopathic Hospital asserts that on August 1, 1978, Mrs. Chernavage allegedly knew that she had not consented to a posterior colporrhaphy. Therefore, defendant hospital argues that she knew at the time that the act was improper and the period of limitations for her entire malpractice claim began to run

at that time. We disagree. Although Mrs. Cherna-
vage knew on August 1, 1978, that she had not
consented to the surgery, her knowledge of the act
itself was insufficient to give her reason to know
that it was improperly performed.

"Knowledge of an operation and subsequent pain is
insufficient in itself to make a patient aware of wrong-
doing in the operation." *Jackson, supra,* p 573.

After complaining of pain and sexual dysfunc-
tion, Mrs. Chernavage was assured by defendant
Gromada that "the more you use it, * * * the
better it's going to be".

It is plaintiffs' claim that the representations of
defendant Gromada that Mrs. Chernavage's condi-
tion would improve in time delayed discovery. We
agree.

Plaintiffs cite numerous cases with factual situa-
tions analogous to the instant case. In *Cates v
Frederick W Bald Estate,* 54 Mich App 717; 221
NW2d 474 (1974), *lv den* 394 Mich 758 (1975), it
was held that it was a question for the jury
whether a plaintiff had knowledge of or should
have had knowledge of the malpractice of a sur-
geon who left a needle in her stomach where the
plaintiff was consistently told by treating physi-
cians "forget about that needle" and "your trouble
is nothing but nerves". When subsequently exam-
ined at the defendant hospital concerning the
problems, the findings omitted all reference to the
presence of the foreign body which was, in fact,
known to the hospital through members of its
staff. *Id.,* p 721. In *Johnson v Caldwell,* 371 Mich
368; 123 NW2d 785 (1963), the plaintiff, a 21-year-
old girl, gave birth to her first child and shortly
thereafter noticed something protruding through
her vagina. Her doctor told her "nothing could be

done about it", as a result of which she claimed that for two years she was in pain and unable to have conjugal relations. The trial court refused the defendant's motion for judgment notwithstanding the verdict on the ground that the plaintiff could not, under the circumstances disclosed by that case, be held to have known, or be expected to know of claimed malpractice until she was hospitalized for unrelated pneumonia two years later. *Id.*, p 380. In *Kelleher v Mills, supra,* this Court held that it was a question of fact whether the plaintiff should have discovered alleged malpractice in fitting his dentures when he had complained continually over two years to his dentist that they did not fit properly and the dentist continually told him that he did not "know how to wear dentures" and that he was "a lousy denture wearer". *Id.*, p 367.

Although the question is close, it is our opinion that because of the delicate and highly personal nature of the surgery and defendant Gromada's assurances that the dysfunction would improve with time, although plaintiffs were aware by Christmas of 1978 that the colporrhaphy was the *source* of Mrs. Chernavage's sexual dysfunction, it cannot be said as a matter of law that the plaintiffs knew or should have known then that the surgery was *improperly performed.*

Mr. Chernavage's testimony about the impossibility of intercourse so soon after surgery does not indicate that he believed that defendant Gromada had done anything wrong. In light of Mrs. Chernavage's testimony that defendant Gromada said intercourse would improve with time, it would not have been unusual for Mr. Chernavage to attribute their first unsuccessful attempt to the surgery because of the nature of the surgery.

We also believe that Mrs. Chernavage's delay in

consulting another doctor because she was ashamed of the sexual dysfunction does not negate the existence of a factual dispute over the date of discovery of the alleged malpractice. Therefore, we reverse the trial court's order granting accelerated judgments to the defendants on the ground that the statute of limitations barred the plaintiffs' claim and we remand for trial by jury.

Plaintiffs' remaining allegation of error was not raised below and it is not preserved for review.

Reversed and remanded. We retain no further jurisdiction.

E. F. OPPLIGER, J., concurred.

CYNAR, J. *(dissenting)*. I must respectfully dissent from the majority. An accelerated judgment based on the statute of limitations is proper where material facts are not disputed regarding the date that plaintiffs should have discovered the existence of a malpractice claim. We have here a classic illustration supporting malpractice. However, the undisputed facts are also a classic illustration that the plaintiffs knew or discovered the malpractice within days or, at most, within several months following the alleged August 1, 1978, malpractice date. On the date that the complaint was filed, September 16, 1981, the period of limitations had long since run. The accelerated judgment should be affirmed.