BLANA v SPEZIA

Docket No. 84589. Submitted April 8, 1986, at Detroit. Decided October 8, 1986.

Eric Blana and Gloria Blana filed a medical malpractice action against Dr. Ronald Spezia, D.D.S., in Macomb Circuit Court alleging that defendant had committed dental malpractice in treating Eric Blana for periodontal disease. Defendant moved for summary judgment, claiming that plaintiffs had failed to file their cause of action within the applicable statute of limitations period. The court, John G. Roskopp, J., granted defendant's motion for summary judgment. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court properly applied the new Michigan Court Rules.

2. The trial court was not required by the Michigan Court Rules to submit to the jury the issue of when plaintiffs discovered or should have discovered the existence of their malpractice claim for purposes of the statute of limitations.

3. The trial court did not clearly err in finding that plaintiffs' malpractice claim was barred by the statute of limitations.

Affirmed.

D. E. HOLBROOK, JR., J., dissented. He would hold that a jury trial was required to resolve the factual dispute as to whether Eric Blana discovered or should have discovered his claim within six months of filing his complaint in this action. He would reverse and remand for a jury trial as to the issues raised by the motion for summary judgment.

OPINION OF THE COURT

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — AFFIDAVITS — COURT RULES.

A trial judge is expressly required to consider affidavits and other

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 361 *et seq.*

Am Jur 2d, Summary Judgment §§ 4, 16 *et seq.*

When statute of limitations begins to run in dental malpractice suits. 3 ALR4th 318.

Comment Note.—Raising statute of limitations by motion for summary judgment. 61 ALR2d 341.

evidence in deciding a motion for summary disposition based on allegations that the claim is barred because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action (MCR 2.116[C][7], 2.116[G][5]).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — SUMMARY DISPOSITION — RESOLUTION OF FACTUAL DISPUTES.

DISSENT BY D. E. HOLBROOK, JR., J.

3. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — SUMMARY DISPOSITION — RESOLUTION OF FACTUAL DISPUTES.

*The Michigan Court Rules provide that a court, under proper circumstances, may order an immediate trial to resolve any disputed issue of fact; thus, factual disputes raised in determining whether the period of limitations applicable in medical malpractice cases has expired may be presented to the jury for resolution (MCR 2.116[I][3]).*

*William R. Knight, Jr.,* for plaintiffs.

*Anthony B. Roshak,* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. L. SULLIVAN,* JJ.

BEASLEY, P.J. On January 24, 1985, plaintiffs, Eric Blana and Gloria Blana, filed suit against defendant dentist, Dr. Ronald Spezia, claiming that defendant had committed dental malpractice in treating plaintiff Eric Blana for periodontal (gum) disease. Defendant moved for disposition pursuant to MCR 2.116(C)(7), formerly GCR 1963, 116.1(5), claiming that plaintiffs had failed to file their cause of action within the applicable statute

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of limitations period provided in MCL 600.5805; MSA 27A.5805 and MCL 600.5838; MSA 27A.5838. On March 4, 1985, the trial judge granted defendant's motion for summary disposition and dismissed plaintiffs' complaint. Plaintiffs appeal as of right.

We first note that the trial judge, in deciding whether to grant defendant's motion for summary disposition on March 4, 1985, properly applied the new Michigan Court Rules which took effect on March 1, 1985. MCR 2.116(G)(5), provides that in deciding a motion based on MCR 2.116(C)(7) a trial judge must consider the affidavits, pleadings, depositions, admissions and documentary evidence filed at the time the motion is considered. At the time the trial judge considered defendant's motion, plaintiffs had filed a complaint and an affidavit, as well as defendant's having filed an affidavit.

Plaintiffs' complaint and affidavit alleged that plaintiff Eric Blana had been informed by Dr. Gitlin, D.D.S., in June of 1981 that he suffered from periodontal disease that required gum surgery and the removal of five teeth. On July 2, 1981, Blana consulted with defendant for a second opinion. Defendant proposed mouth treatment that did not involve surgery, but involved pulling the gums from the teeth and the placement of a bridge in the mouth.

Defendant began treating Blana in July of 1981. Blana discontinued treatment on September 30, 1981, after the bridge was placed in his mouth. Subsequently, Blana allegedly did not treat or consult with a dentist until January 17, 1984, when he was treated by Dr. Dobrusin, D.D.S., for sudden and excruciating mouth pain. Dr. Dobrusin removed an abscessed tooth on that date. On November 23, 1984, Blana returned to Dr. Dobrusin for a full mouth examination. On that date, Dr.

Dobrusin informed Blana, allegedly for the first time, that his periodontal disease had progressed significantly since 1981 and proper treatment required that all but six of Blana's teeth and the bridge placed in his mouth by defendant be removed.

Allegedly, Dr. Dobrusin refused to comment on whether defendant had improperly treated Blana's gum disease. However, plaintiff consulted an attorney in December, 1984, who suggested that he might have a malpractice claim. As previously indicated, plaintiffs filed suit in this matter on January 24, 1985.

On appeal, plaintiffs argue that the trial judge erred in granting defendant's motion for summary disposition because a material factual dispute existed as to the date that plaintiffs discovered the alleged malpractice. The applicable statute of limitations, MCL 600.5838(2); MSA 27A.5838(2), provides:

> An action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, *or within 6 months after the plaintiff discovers or should have discovered the existence of the claim,* whichever is later. The burden of proving that the plaintiff, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred. [Emphasis added.]

Plaintiffs do not dispute that they filed their complaint more than two years after the last date of treatment by defendant on September 30, 1981.

Thus, it is clear that plaintiffs failed to assert their claim within the two-year statutory period provided in MCL 600.5805; MSA 27A.5805. However, plaintiffs allege that they filed their complaint within six months after the time they allegedly discovered or should have discovered, their possible malpractice claim in November, 1984. The trial judge found that plaintiffs had failed to allege sufficient facts to sustain their burden of proving that Blana, as a result of physical discomfort, appearance, condition or otherwise, neither discovered nor should have discovered the existence of the malpractice claim six months prior to filing their complaint.

In addressing this issue, we must first determine when a trial judge can properly grant summary disposition under the new Michigan Court Rules based on the running of the statute of limitations period in a medical malpractice action. This Court, in applying the former General Court Rules, held that the granting of accelerated judgment under GCR 1963, 116.1(5) is improper when a material factual dispute exists regarding the date of discovery of the alleged malpractice.[1] This rule of submitting the statutory "date of discovery" issue to the jury if there is any material factual dispute was adopted by this Court pursuant to *Winfrey v Farhat*,[2] where, prior to the enactment of MCL 600.5838; MSA 27A.5838, the Supreme Court applied a judicially constructed "discovery" rule. This former, judicially constructed discovery rule provided that the statute of limitations in malpractice cases did not begin to run until the date

---

[1] *Chernavage v Gromada*, 138 Mich App 619, 624; 360 NW2d 617 (1984), modified on other grounds 422 Mich 929 (1985); *Kelleher v Mills*, 70 Mich App 360, 365; 245 NW2d 749 (1976).

[2] 382 Mich 380; 170 NW2d 34 (1969).

the plaintiff should have discovered the wrongful act.[3]

It is not clear whether the Michigan Supreme Court would have adopted the rule requiring any material factual disputes to be submitted to the jury for purposes of the statutory discovery rule provided in MCL 600.5838(2); MSA 27A.5838(2). The statute expressly places on plaintiff the burden of proving that the plaintiff did not discover, or should not have discovered, the existence of a malpractice claim over six months prior to filing suit. Furthermore, allowing the jury to decide a preliminary statute of limitations issue expressly created by the Legislature in order to preclude the filing of certain medical malpractice claims creates a serious risk of nullifying the Legislature's intent in passing the statute of limitations. A jury presented with evidence of a seriously injured plaintiff may be prone to disregard the facts and find that the plaintiff should have discovered his claim only within six months of filing his complaint in order to provide the plaintiff an award of damages.

The risk presented in this situation is analogous to the risk that exists in allowing a jury to decide preliminary questions concerning the admissibility of evidence at trial. A jury is deemed unable to hear certain evidence, such as an illegally obtained confession or hearsay evidence, decide that the evidence is inadmissible, and then fairly decide the main issue at trial, having heard the inadmissible evidence. Therefore, the preliminary question concerning the admissibility of evidence at trial, which often involves the resolution of material factual disputes, is left solely to the trial judge.[4]

Although this Court, as noted above, has held that under the former General Court Rules any

---

[3] *Kelleher, supra,* p 367.

[4] MRE 104(a).

material dispute of fact concerning a plaintiff's discovery of the existence of a malpractice claim requires the issue to be submitted to the jury, we believe that under the new Michigan Court Rules this rule should be altered to assure a fair adjudication of this preliminary statute of limitations issue. GCR 1963, 116.3 merely provided that a party may submit affidavits or other evidence in supporting or opposing a motion for accelerated judgment. The former court rule did not require a trial judge to consider the affidavits and other evidence in deciding an accelerated judgment motion. However, MCR 2.116(G)(5) expressly *requires* a trial judge to consider affidavits and other evidence in deciding a motion for summary disposition based on the statute of limitations. This change in the court rules may indicate a broader role for the trial judge in deciding factual issues concerning the application of the statute of limitations.

As we indicated in making our analogy to the rules of evidence above, we believe an expanded role for the trial judge in deciding the preliminary issues involved in applying the medical malpractice statute of limitations is appropriate. Thus, we hold that the trial judge in the within case was not required to submit to the jury the issue of when plaintiffs discovered or should have discovered the existence of their malpractice claim for purposes of the statute of limitations. This presents a preliminary question which should be decided by the trial judge. We review the trial judge's findings on this preliminary issue to determine whether he clearly erred in finding that plaintiffs failed to submit sufficient evidence to satisfy their burden of proving that they did not or should not have discovered the existence of their

malpractice claim prior to six months before filing
their complaint.

Our review of the pleadings and affidavits filed
in this case leads us to conclude that the trial
judge did not clearly err in finding that plaintiffs'
malpractice claim was barred by the statute of
limitations. In his affidavit, Blana stated that Dr.
Dobrusin informed him on November 23, 1984,
that his gum disease had advanced significantly
since 1981 when the defendant had treated him
for the disease. Dr. Dobrusin also informed Blana
that his gum disease was so advanced that all but
six of his teeth had to be removed.

Based on these facts in Blana's affidavit, the
trial judge could reasonably infer that Blana
would have experienced considerable pain in and
problems with the appearance of his mouth as his
gum disease progressed from the time defendant
treated him in October, 1981, to the time his gum
disease was diagnosed as being in an advanced
stage in November, 1984. Based on this proper
inference, the trial judge, despite Blana's later
allegation that he had not discovered the possible
existence of his malpractice claim prior to Novem-
ber 23, 1984, could reasonably conclude that
Blana, at some point in time prior to six months
before filing a complaint, should have known that
he had a malpractice claim against defendant for
defendant's obvious failure to properly treat his
gum disease. Blana's complaint and affidavit com-
pletely fail to raise specific facts that would rebut
the trial judge's conclusion.

Therefore, we find that the trial judge did not
clearly err in finding that plaintiffs discovered or
should have discovered the existence of their medi-
cal malpractice claim prior to six months before
filing their complaint and in granting defendant's

motion for summary disposition based on the running of the applicable statute of limitations period.
Affirmed.

D. L. Sullivan, J., concurred.

D. E. Holbrook, Jr. *(dissenting).* I respectfully
dissent. I acknowledge that MCR 2.116(G)(5) provides that, in deciding a motion based on MCR
2.116(C)(7), a trial judge must consider the affidavits, pleadings, depositions, admissions and documentary evidence filed at the time the motion is
considered. However, the majority ignores MCR
2.116(I)(3), which provides that a court may, under
proper circumstances, order immediate trial to
resolve any disputed issue of fact:

> (3) A court may, under proper circumstances,
> order immediate trial to resolve any disputed issue
> of fact, and judgment may be entered forthwith if
> the proofs show that a party is entitled to judgment on the facts as determined by the court. An
> immediate trial may be ordered if the grounds
> asserted are based on subrules (C)(1) through (C)(6),
> or if the motion is based on subrule (C)(7) and a
> jury trial as of right has not been demanded on or
> before the date set for hearing. If the motion is
> based on subrule (C)(7) and a jury trial has been
> demanded, the court may order immediate trial,
> but must afford the parties a jury trial as to issues
> raised by the motion as to which there is a right to
> trial by jury.

Plaintiffs' affidavits in the instant case indicate
that on November 23, 1984, plaintiff Eric Blana
first learned that his periodontal disease had progressed significantly since he was treated by defendant in 1981. Although plaintiff stated that he first
saw Dr. Dobrusin on January 17, 1984, because of
sudden, excruciating pain, Dr. Dobrusin merely

removed an abscessed tooth. Plaintiff was given no indication at that time that he still had periodontal disease. There was no evidence presented that plaintiff did or did not suffer periodontal pain or problems within the time period, more than six months prior to the filing of the complaint. Consequently, even considering the affidavits presented, I conclude that a disputed issue of fact exists as to whether plaintiff Eric Blana discovered or should have discovered his claim within six months of filing the complaint. Under MCR 2.116(I)(3), a jury trial was required to resolve these factual disputes. I would, therefore, reverse and remand for a jury trial as to the issues raised by the motion for summary disposition.