THOMAS v GOLDEN

LIMITATION OF ACTIONS—MALPRACTICE—STATUTES—CONSTRUCTION—
   "OTHERWISE SERVING".
   Making an appointment by defendant optometrist with plaintiff
   at the plaintiff's request constitutes "otherwise serving" within
   the meaning of the statute of limitations governing malpractice
   actions, even though the appointment was not kept and the
   defendant did nothing further for the plaintiff; therefore, an
   action based on malpractice filed within two years from the
   date such an appointment was made was timely (MCLA
   600.5838).

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 December 5, 1973, at Detroit. (Docket No. 15708.) Decided January 16, 1974. Amended opinion filed March 5, 1974. See page 693, *post.*

Complaint by Leatrice Thomas against Donald L. Golden, doing business as Detroit Optometric Centers, for damages for malpractice. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Bogos & Bogos,* for plaintiff.

*Harvey, Kruse & Westen, P. C.* (by *James N. Martin),* for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and CARLAND,* JJ.

QUINN, J. This is an action for malpractice.

REFERENCE FOR POINTS IN HEADNOTE
   50 Am Jur, Statutes § 363.
   * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiff appeals from an accelerated judgment granted to defendant on his motion therefor based on the statute of limitations. The controlling issue is whether the statute had run.

February 20, 1968, defendant fitted plaintiff with contact lenses, following three preliminary appointments which commenced February 1, 1968. March 7, 1968, plaintiff telephoned defendant's office because she was experiencing pain in her eyes and requested medical attention. She was given an appointment for March 8, 1968, at 10 a.m. Defendant was not available at the time of this appointment, and plaintiff went to the emergency room of St. John's hospital for treatment. Plaintiff returned the contact lenses March 12, 1968, and requested a refund.

This action was filed March 5, 1970. The period of limitation is two years after the claim first accrued, MCLA 600.5805; MSA 27A.5805. MCLA 600.5838; MSA 27A.5838 states:

"A claim based on the malpractice * * * accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose."

Defendant argues that as to medical malpractice, the statute runs from the date of "last treatment", and that the last treatment of plaintiff by defendant was February 20, 1968. Defendant further argues that the words "or otherwise serving" in the statute are required because the statute applies to professions other than the medical profession. Defendant cites the legal and accounting professions as ones which "serve" rather than "treat" their clients.

We accept the latter argument but we do not

agree that it precludes application of "or otherwise serving" to actions for medical malpractice. In the case before us, if it had been found that some mechanical correction or adjustment of the contact lenses would have eliminated the discomfort plaintiff experienced from wearing them, that correction or adjustment would constitute "otherwise serving" plaintiff rather than "treating" her.

The crucial issue for decision is whether the granting of an appointment by defendant to plaintiff at her request constitutes "otherwise serving" within the meaning of the statute. We hold that it does, even though the appointment was not kept and defendant did nothing further for plaintiff. The record before us indicates that the prospective treatment or service which defendant might have accorded plaintiff at that appointment was precluded by his absence.

Reversed and remanded for trial with costs to plaintiff.

All concurred.