CHRISTENSEN v PARRISH

Docket No. 77-1892. Submitted March 15, 1978, at Lansing.—Decided
   April 4, 1978. Leave to appeal applied for.

   Regina Christensen, by her next friend, Robert Christensen, and
   Robert Christensen and Jeanne Christensen brought an action
   for negligence against Kay Parrish seeking damages for per-
   sonal injuries suffered by Regina Christensen when the car in
   which she was riding went off the road and struck a tree as a
   result of the driver's intoxication. The driver, a minor, had
   become intoxicated at a party at the defendant's home where
   alcoholic beverages had been served to him. However, the
   alcoholic beverages were neither furnished nor served by the
   defendant but were brought by the young persons attending the
   party. Defendant's motion for summary judgment was granted,
   Ingham County Circuit Court, Michael G. Harrison, J. The
   plaintiffs appeal. *Held:*

   1. Violation of the statute which prohibits knowingly giving
   or furnishing alcoholic beverages to a minor constitutes negli-
   gence per se. However, where plaintiffs alleged a violation of
   the statute as a basis for their negligence claim but failed to
   show that the defendant knowingly gave or furnished alcohol to
   a minor, they failed to state a claim upon which relief could be
   granted and summary judgment was proper.

   2. The defendant did not have a common-law duty not
   knowingly to permit others to serve or furnish intoxicants to
   minors in her home where she did not supply the intoxicants
   and was not present in the home when additional intoxicants
   were purchased and brought to her home without her knowl-
   edge.

   Affirmed.

1. NEGLIGENCE—STATUTES—VIOLATION—PRIMA FACIE CASE.
   Violation of a penal statute gives rise to a prima facie case of
   negligence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 245, 246, 259, 270.
[2, 3] 45 Am Jur 2d, Intoxicating Liquors §§ 271, 561.
   57 Am Jur 2d, Negligence § 69.

2. NEGLIGENCE—NEGLIGENCE PER SE—STATUTES—VIOLATION—MINORS
  —ALCOHOLIC BEVERAGES.

  It is negligence per se to violate the statute which prohibits
  knowingly giving or furnishing any alcoholic beverage to a
  person under the age of 18 years; it is the violation of the
  statute which gives rise to the civil action; however, by its
  terms, only a person who *knowingly* gives or furnishes alcoholic
  beverages violates the statute; *where a plaintiff, alleging negli-*
  gence based on a violation of the statute, fails to show that a
  defendant knowingly gave or furnished alcohol to a minor, he
  has not stated a cause of action upon which relief can be
  granted (MCLA 750.141a; MSA 28.336[1]).

3. NEGLIGENCE—COMMON-LAW DUTY—MINORS—ALCOHOLIC BEVER-
  AGES—FURNISHING INTOXICANTS.

  There was no common-law duty for a defendant not knowingly to
  permit others to serve or furnish intoxicants to minors in her
  home where the defendant did not supply the intoxicants and
  was not present in the home when the intoxicants were served
  nor when an intoxicated minor left the home.

*Abood, Abood & Abood, P. C.* (by *William E. Rheaume*), for plaintiff.

*George H. Denfield,* for defendant.

Before: BASHARA, P. J., AND ALLEN and M. J. KELLY, JJ.

ALLEN, J. Was error committed when the trial court granted summary judgment in favor of defendant on a charge of furnishing alcoholic beverages to a minor in violation of MCLA 750.141a; MSA 28.336(1)[1] where defendant, an adult homeowner, was present in her home while alcoholic beverages were being consumed by minors even though said beverages were brought to defendant's

---

[1] "A person, who *knowingly gives or furnishes* any alcoholic beverage to a person under the age of 18 years except upon authority of and pursuant to a prescription of a duly licensed physician, shall be guilty of a misdemeanor, and if the *furnishing involved any consideration,* the person shall be imprisoned for not more than 1 year or fined not more than $1,000.00 or both." (Emphasis supplied.)

home by persons other than defendant, and defendant did not purchase or give any of the beverages to any of the minors? If the statute was not violated, did defendant violate a common-law duty not knowingly to permit a minor to consume alcoholic beverages in defendant's home? These questions of apparent first impression come to us on the following facts.

Following a high school football game on the evening of November 8, 1974, several young people gathered at the home of defendant Parrish where alcoholic beverages were served and consumed. Among the persons present to whom alcoholic beverages were served was Gary Bailey, a minor, who became intoxicated. While so intoxicated, Bailey left the defendant's home, driving his car with Regina Christensen as a passenger. A short time later Bailey lost control of his car which went off the road striking a tree, causing severe injuries to Regina Christensen. An affidavit of defendant as well as the deposition of all witnesses conclusively showed that whatever beverages were consumed at defendant's home were not furnished or served by defendant but were brought to her home by the young persons attending the gathering. The affidavit was not challenged and no counter-affidavit was filed.[2]

Violation of a penal statute gives rise to a prima facie case of negligence. *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976). In *Thaut v Finley (On Rehearing),* 50 Mich App 611; 213 NW2d 820 (1973), this Court concluded that it was negligence *per se* to violate the statute now before us, MCLA 750.141a; MSA 28.336(1). That case stands for the proposition that it is the violation of the statute

---

[2] There is no transcript recorded in this case. The facts are all from affidavits and depositions.

which gives rise to the civil action. But by its terms, only a person who "knowingly gives or furnishes" alcoholic beverages violates the statute. Plaintiffs have failed to show that defendant was such a person. In all of the civil action cases relied upon by defendant, the person allegedly violating the statute had some control over or an active part in supplying a minor with alcohol. *Lover v Sampson,* 44 Mich App 173; 205 NW2d 69 (1972), *People v Neumann,* 85 Mich 98; 48 NW 290 (1891), *People v Lumley,* 189 Mich 613; 155 NW 486 (1915). Other cases holding a person liable for violating the statute or a similar statute have had the same element of control present. *People v Driver,* 174 Mich 214; 140 NW 515 (1913), *Brockett v Kitchen Boyd Motor Co,* 24 Cal App 3d 87; 100 Cal Rptr 752 (1972), *Brattain v Herron,* 159 Ind App 663; 309 NE2d 150 (1974). The need for this element is one of the reasons the Legislature included the word "knowingly" in the statute.

Since plaintiffs have not shown that defendant knowingly gave or furnished alcohol to a minor, they have not stated a cause of action upon which relief can be granted. Plaintiffs have shown little more than the fact that defendant was present in her own home while minors consumed alcoholic beverages furnished by someone else. As the above cases indicate, this does not constitute a violation of the statute. Summary judgment was therefore proper.

Plaintiffs' amended bill of complaint asserts that defendant violated a common-law duty not knowingly to permit minors to consume alcoholic beverages in her home. According to plaintiffs a common-law duty exists which imposes upon an adult a duty not knowingly to permit others to serve or furnish intoxicants to minors even though, as

here, the intoxicants are not supplied or served by the adult. Plaintiffs present no on-the-nose authority supporting such a duty. Although the Court in *Lover v Sampson, supra,* at 181, spoke in language that could be read to support plaintiffs' position, later in the opinion, at 183, the Court stated that the statute was indispensable to the action. Attempts in other jurisdictions to attribute liability to persons who allow minors to be supplied with alcohol, even under circumstances where the "knowingly furnish" element is much clearer, have failed. See, for example, Anno: *Liability of Person Furnishing, on Special Occasion, Intoxicating Liquor, for Negligent Acts of Intoxicated Minors Causing Injury to Plaintiff,* 53 ALR3d 1285.

At oral argument it was said that the holding in *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977), is supportive of plaintiffs' claim. In that case the manufacturer, wholesaler and retailer of a 10-cent slingshot were sued by plaintiff who, when 12 years old, lost the sight of one eye when struck by a pellet fired from the slingshot by his 11-year-old playmate. The trial judge directed a verdict for the defendants and the Court of Appeals affirmed. In a 3–2 decision[3] the Supreme Court reversed, saying:

> "We remand for a new trial because a manufacturer, wholesaler and retailer of a manufactured product owe a legal obligation of due care to a bystander affected by use of the product, and whether defendants in violation of that obligation created an unreasonable risk of harm in marketing slingshots directly to children is for a jury to decide, reasonable persons being of different minds.
>
>             \*    \*    \*
>
> "Whether it would be a violation of that obligation to market slingshots directly to children is not a question

---

[3] Justices RYAN and MOODY did not participate in the decision.

of duty, but of the specific standard of care: the reasonableness of the risk of harm thereby created.

"Negligence is conduct involving an *unreasonable* risk of harm.

"Slingshots pose a *risk* of harm. In manufacturing and marketing slingshots the defendant necessarily created such a risk.

"The meritorious issues are whether the risk so created was unreasonable because the slingshots were marketed directly to children, and whether this should be decided by the court or by the jury." *Moning v Alfono, supra,* at 432–433.

Plaintiffs argue that if manufacturing and selling toy slingshots gives rise to a jury determination of whether the seller, wholesaler or retailer created an unreasonable risk of harm to children, so, too, it should be left for the jury to determine whether Kay Parrish's conduct in the case before us created an unreasonable risk of harm to the plaintiff. Respectfully, we disagree. In *Moning,* the majority opinion assumed the existence of the duty of the manufacturer whereas, here, the basic question is the existence of the duty. Finally, and most importantly, the defendant supplied the slingshots whereas in the case before us Kay Parrish did not supply the intoxicants and was not present in the house when additional intoxicants were served or later when Gary Bailey left the house with Regina Christensen.[4]

We do not go so far as to rule that under every set of circumstances a common-law duty by adults to minors might not exist. But we do hold that on

---

[4] Defendant did not keep liquor or beer in the house nor did she know that an impromptu party would take place at her home. She worked as a waitress in a restaurant from midnight until 8 a.m., and left her home about 11:45 p.m., thinking that the young people were departing. After she left, more beer was purchased and brought to the home.

the facts in this case there was no such duty and the trial court was correct in granting summary judgment. Our decision is limited to the facts in this case.

Affirmed, costs to defendant.