## DeGRAZIA v JOHNSON

Docket No. 46710. Submitted March 4, 1981, at Lansing.—Decided April 9, 1981. Leave to appeal applied for.

James I. DeGrazia and Patricia H. DeGrazia brought an action against Lanny L. Johnson, M.D., for medical malpractice in the treatment of James. Defendant moved for accelerated judgment, which motion was denied, Ingham Circuit Court, Jack W. Warren, J. Defendant appeals by leave granted. *Held:*

The trial court properly denied defendant's motion after finding that defendant treated or otherwise served plaintiff James DeGrazia during a telephone conversation following personal treatment and that the treatment of James by defendant was not discontinued until that conversation thus bringing the action within the statutory period for limitation of actions for medical malpractice.

Affirmed.

1. Limitation of Actions — Physicians and Surgeons — Malpractice — Statutes.

A claim based on medical malpractice accrues at the time that the practitioner discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim, and the period for limitation of actions on such a claim is two years (MCL 600.5805[4], 600.5838; MSA 27A.5805[4], 27A.5838).

2. Actions — Physicians and Surgeons — Refusal to Treat — Malpractice — Statutes.

Refusal to render medical treatment does not constitute the

References for Points in Headnotes

[1, 3, 4] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers §§ 320, 321.
When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.
[2] 61 Am Jur 2d (Rev), Physicians, Surgeons, and Other Healers § 311.

treating or otherwise serving a person necessary to provide a basis for a claim for medical malpractice (MCL 600.5838[1]; MSA 27A.5838[1]).

3. Physicians and Surgeons — Failure to Treat — Limitation of Actions — Statutes.

Failure of a practitioner to provide needed continued medical care to a patient after the commencement of treatment, where the practitioner has the opportunity and obligation to do so, may provide a basis for a claim for medical malpractice when brought within the period of limitation of such actions (MCL 600.5838[1]; MSA 27A.5838[1]).

4. Physicians and Surgeons — Malpractice — Limitation of Actions — Statutes.

A telephone conversation between a plaintiff and his physician subsequent to treatment may constitute part of the treating or otherwise serving the plaintiff necessary to provide a basis for a claim for medical malpractice for purposes of determining the running of the period of limitation of such actions (MCL 600.5838[1]; MSA 27A.5838[1]).

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen (by John P. Jacobs), for plaintiffs. Fraser, Trebilcock, Davis & Foster, P.C. (by Joel E. Dowley), for defendant.*

Before: M. F. Cavanagh, P.J., and Allen and J. H. Gillis, JJ.

Per Curiam. Defendant, Lanny L. Johnson, M.D., appeals from an order denying his motion for accelerated judgment, pursuant to GCR 1963, 116.1(5). This Court granted defendant's application for leave to appeal.

On June 6, 1978, the plaintiffs filed a complaint based on a theory of medical malpractice against the defendant. The complaint alleged that defendant improperly performed knee surgery on plaintiff James DeGrazia in February of 1976, that defendant performed a second surgery on James DeGrazia in March of 1976, and that James De-

Grazia continued to see defendant for follow-up care until June of 1976. This complaint also alleged that James DeGrazia learned that the February, 1976, surgery was negligently performed subsequent to a third surgical procedure which was performed in June of 1977.

Defendant moved for accelerated judgment based on the statute of limitations. MCL 600.5805, 600.5838; MSA 27A.5805, 27A.5838. In support of his motion, defendant filed an affidavit stating that treatment of James DeGrazia was discontinued on May 3, 1976. In response, plaintiffs argued that accelerated judgment would be improper because: (1) the last day of treatment or services rendered by defendant was between June 8 and June 15, 1976, when defendant had a telephone conversation with James DeGrazia, and (2) defendant had notice of plaintiffs' action in April of 1978, when plaintiffs filed an arbitration action with the American Arbitration Association. The trial court accepted both of plaintiffs' arguments and denied accelerated judgment.

The first issue raised on appeal is whether the trial court erred in finding that defendant was "treating or otherwise serving the plaintiff" within the meaning of MCL 600.5838; MSA 27A.5838 by means of a telephone conversation held sometime between June 8 and June 15, 1976. There is no dispute that the telephone conversation occurred.

The statute of limitations for malpractice is two years. MCL 600.5805(4); MSA 27A.5805(4). Accrual of the claim is governed by MCL 600.5838; MSA 27A.5838 which states in pertinent part:

"(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, * * * accrues at the time that person discontinues treating or otherwise serving the

plaintiff in a professional or pseudoprofessional capacity as to matters out of which the claim or malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim."

The parties have not cited, nor have we found, any case directly on point.

Plaintiffs would have us analogize this case to *Thomas v Golden (Amended Opinion)*, 51 Mich App 693; 214 NW2d 907 (1974), aff'd 392 Mich 779 (1974). However, after reviewing that case, we come to the conclusion that it is inapplicable to the instant fact situation since *Thomas* did not turn on a determination of when the defendant stopped "treating or otherwise serving the plaintiff" but rather turned on when plaintiff discovered or should have discovered the asserted malpractice.

Defendant, on the other hand, relies upon *Kelleher v Mills*, 70 Mich App 360; 245 NW2d 749 (1976). In *Kelleher*, there was a conflict as to what was the last date of treatment, with plaintiff asserting that the defendant's refusal to treat him on two separate occasions amounted to "treating or otherwise serving the plaintiff" as that phrase is used in the statute of limitations. In rejecting that argument, this Court stated:

"We reject any suggestion that refusal to treat is 'treating or otherwise serving the plaintiff' within the meaning of MCL 600.5838; MSA 27A.5838. To hold as such, would for all practical purposes, extend the statute of limitations indefinitely. Plaintiffs could continually request treatment to extend the statute of limitations against a doctor who had previously terminated service to the plaintiff." *Id.,* 365-366.

Obviously *Kelleher* is factually different from the instant case which does not involve defen-

dant's refusal to treat James DeGrazia; therefore, it is of no help in resolving the instant issue— except, perhaps, to establish the outer limits of what is meant by "treating or otherwise serving the plaintiff".

MCL 600.5838, MSA 27A.5838, is based upon the "last treatment" rule enunciated in *DeHaan v Winter,* 258 Mich 293; 241 NW 923 (1932). *Dyke v Richard,* 390 Mich 739, 745; 213 NW2d 185 (1973). *DeHaan,* which involved treatment of a broken leg, described the purpose and effect of the "last treatment" rule as follows:

"When did plaintiff's cause of action accrue? Until treatment of the fracture ceased the relation of patient and physician continued, and the statute of limitations did not run. *Schmit v Esser,* 183 Minn 354 (236 NW 622), and reported with annotations in 74 ALR 1312. While decisions are not in accord upon this question, we are satisfied that in such an action as this the statute of limitations does not commence to run while treatment of the fracture continues. Failure to give needed continued care and treatment, under opportunity and obligation to do so, would constitute malpractice. During the course of treatment plaintiff was not put to inquiry relative to the treatment accorded him." *Id.,* 296-297.

After reviewing the unique facts of the instant case and giving careful consideration to the policy arguments put forth by the defendant, we conclude that the trial court did not err in determining that the statute did not begin to run until after the June, 1976, telephone conversation between defendant and James DeGrazia since it was not until that time that defendant discontinued "treating or otherwise serving the plaintiff". In reaching this conclusion, we note that James De-Grazia's June, 1976, telephone conversation with defendant occurred approximately one month after

his last examination by defendant, referred to his knee which had been operated on by the defendant, and does not appear to have been a device, when it occurred, for prolonging the statute of limitations.

Because of our resolution of this issue, we need not address the second issue raised by the defendant.

Affirmed. Costs to plaintiffs.