REINERT v DOLEZEL

KASCO v DOLEZEL

Docket Nos. 78909, 78910. Submitted June 24, 1985, at Detroit.—
Decided October 14, 1985. Leave to appeal denied, 424 Mich 899.

Five young people, all but one of them at least 18 years old,
including David Dolezel, Jr., age 18, purchased alcoholic bever-
ages on the evening of November 24, 1982, and were consuming
them in the home of his parents, David and Joan Dolezel. The
group then decided to go to the home of another friend. They
left in two cars. David Dolezel, Jr., drove his father's car with
Kathleen Reinert and Daniel Kasco as passengers. The car
failed to negotiate a curve and crashed. Kathleen Reinert was
killed and Daniel Kasco and David Dolezel, Jr., were injured.
Two separate lawsuits were thereafter filed in the Oakland
Circuit Court seeking damages as a result of the accident. In
Court of Appeals Docket No. 78909, Owen C. Reinert, personal
representative of the estate of Kathleen Reinert, deceased,
brought an action against David and Joan Dolezel, David
Dolezel, Jr., and Joseph Honce, doing business as Seven-Eleven
Store No. 17482. In Court of Appeals Docket No. 78910, Daniel
Kasco brought an action against the same defendants. In No.
78909, plaintiff Reinert obtained a consent judgment against
the Seven-Eleven store defendant for $25,000 and later ob-

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 267 et seq., 561 et seq.

Am Jur 2d, Parent and Child §§ 93 et seq., 130 et seq.

Am Jur 2d, Pleading §§ 230 et seq.

Am Jur 2d, Torts §§ 501 et seq.

Modern trends as to tort liability of child of tender years. 27
ALR4th 15.

Choice of law as to liability of liquor seller for injuries caused by
intoxicated person. 2 ALR4th 952.

Liability of person furnishing, on social occasion, intoxicating li-
quor, for negligent acts of intoxicated minor causing injury to
plaintiff. 53 ALR3d 1285.

Validity and construction of statutes making parents liable for torts
committed by their minor children. 8 ALR3d 612.

See also the annotations in the ALR3d/4th Quick Index under Civil
Damage Act.

tained a consent judgment against all three Dolezels for $50,-000. However, prior to the consent judgment with the Dolezels, the trial court, Frederick C. Ziem, J., granted David and Joan Dolezel's motion for a partial summary judgment and entered an order of dismissal with prejudice "with regard to defendants Dolezel only, as it would relate to Count I of the complaint and those portions of Count II dealing with auto negligence". Plaintiff Reinert appeals from that judgment and order. In Docket No. 78910, plaintiff Kasco agreed to dismiss his claim against the Seven-Eleven store defendant, but pursued his claim against the Dolezels. The trial court, Alice L. Gilbert, J., then granted David and Joan Dolezel's motion for a partial summary judgment and entered an order of dismissal with prejudice "with regard to defendants Dolezel only, as it would relate to Count I of the complaint and those portions of Count II dealing with auto negligence". Plaintiff Kasco appeals from that judgment and order. The Court of Appeals consolidated the appeals. *Held:*

1. Although plaintiff Reinert claims an appeal from the partial summary judgment entered prior to the consent judgment with the Dolezels, the Court of Appeals considered the consent judgment to have settled the matter in Docket No. 78909.

2. Averments that defendants David and Joan Dolezel negligently supervised the dispensation and consumption of alcohol by persons under 21 years of age do not state a cause of action upon which relief can be granted. Where the under-21 drinkers purchased their alcoholic beverages elsewhere and merely consumed them in the Dolezel's home, no cause of action arises under MCL 436.33(1).

3. To the extent that plaintiff Kasco alleged that defendants furnished alcoholic beverages to persons under 21 years of age in their home, plaintiff stated a cause of action upon which relief can be granted. However, plaintiff Kasco's pleading offers no details supporting this allegation, and he has not advanced the "furnishing" theory either before the trial court or the Court of Appeals.

4. The young people involved in this case were not "minors", they were adults who were not old enough to drink alcoholic beverages legally. Any duty the parents had to supervise their child's conduct ended when that child became an adult at 18 years of age. The Court of Appeals noted that no jurisdiction imposes a duty upon homeowners to stop adults from illegally drinking in their home.

5. No support was found for plaintiff Kasco's contention that

David and Joan Dolezel had a common-law duty to provide safe transportation for the teenagers drinking in their home.

6. The trial court in Docket No. 78910 correctly determined that plaintiff Kasco failed to state a cause of action against David and Joan Dolezel.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment on the ground that the plaintiff's complaint failed to state a claim for which relief could be granted tests the legal adequacy of the pleadings; the court, in ruling on such a motion, accepts as true all well-pleaded facts and determines whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. INTOXICATING LIQUORS — NEGLIGENCE — CIVIL ACTIONS.

A person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor; violation of the statute pertaining thereto gives rise to a prima facie case of negligence; such statute gives rise to a civil cause of action for injuries or death caused by the furnishing of liquor to a minor by a social host or other persons not falling under the purview of the Liquor Control Act; however, averments that such defendants negligently supervised the dispensation and consumption of alcohol by persons under 21 years of age do not state a cause of action upon which relief can be granted (MCL 436.33[1]; MSA 18.1004[1]).

3. INTOXICATING LIQUORS — ACTIONS.

No cause of action against a defendant arises under the statute which provides that a person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor where the under-21 years of age drinker purchased the alcoholic beverages elsewhere and merely consumed them in the defendant's home (MCL 436.33[1]; MSA 18.1004[1]).

4. TORTS — THIRD PARTIES — DUTY TO CONTROL.

There is no duty to control the conduct of a third party so as to prevent him from causing physical harm to another unless a special relationship exists.

5. PARENT AND CHILD — DUTY TO CONTROL MINOR CHILD.

Parents are under a duty to exercise reasonable care to control their minor child but this duty ends when the child becomes an adult, and that happens in Michigan at age 18 (MCL 722.52; MSA 25.244[52]).

6. COMMON LAW — INTOXICATING LIQUORS — ADULTS.

There is no common-law duty imposed upon an adult to provide safe transportation for other adults under the age of 21 who consume alcoholic liquor in the adult's home.

*Cooper, Shifman, Gabe, Quinn & Seymour* (by *Charles Y. Cooper*), for Owen C. Reinert and Daniel Kasco.

*Jerry R. Swift, P.C.* (by *Jerry R. Swift*), for the Dolezels.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Both plaintiffs appeal from grants of partial summary judgments against them. The appeals were consolidated by the Court of Appeals. The two cases arose out of the same automobile accident but were heard before different trial judges of the Oakland County Circuit Court, both judges concluding that defendants David and Joan Dolezel had no common-law duty to prevent their 18-year-old son from drinking alcoholic beverages in their home or to provide safe transportation for his similarly-aged friends.

Five young people, all but one of them at least 18 years old, including David Dolezel, Jr., age 18, purchased alcoholic beverages on the evening of November 24, 1982, and were consuming them in the home of defendants David and Joan Dolezel. Sometime after midnight the group decided to go to the home of another friend. They left in two cars, David Dolezel, Jr., driving his father's car,

with plaintiff Reinert's decedent, Kathleen Reinert, in the front seat and plaintiff Daniel Kasco in the back seat. The car failed to negotiate a curve and crashed. Kathleen Reinert was killed; plaintiff Kasco and defendant David Dolezel, Jr. were both injured. These lawsuits resulted.

Plaintiff Reinert obtained a consent judgment against the Seven-Eleven store defendant for $25,-000, and later obtained a consent judgment against all three Dolezels for $50,000. Although plaintiff Reinert claims an appeal from the partial summary judgment entered prior to the consent judgment with the Dolezels, we consider the consent judgment to have settled the matter.

Plaintiff Kasco (hereinafter plaintiff) agreed to dismiss his claim against the Seven-Eleven store defendant, but pursued his claim against the Dolezels. After defendants David and Joan Dolezel obtained a partial summary judgment, an order of dismissal with prejudice "with regard to defendants Dolezel only, as it would relate to Count I of the complaint and those portions of Count II dealing with auto negligence" was entered. Thus, the only remaining issue on appeal concerns plaintiff Kasco's allegations in Count II that defendants David and Joan Dolezel (hereinafter defendants) negligently permitted minors to consume alcohol in their home.

Specifically, plaintiff alleges in Count II that defendants David and Joan Dolezel were negligent in that:

"A. Defendants knowingly permitted the use and consumption by under-aged individuals of intoxicating beverages on and about their premises in the presence of other under-age individuals causing unsafe conditions without proper supervision;

"B. Defendants negligently allowed said Defendant,

David Dolezel, Jr., under-aged son, to consume intoxicating beverages and to become visibly intoxicated without proper intervention;

[Paragraphs C, D, and E deal only with automobile negligence.]

"F. Defendants did nothing to terminate the consumption of alcohol by the minors or prohibit the driving of automobiles which ultimately led to the Plaintiff's injuries;

"G. Defendants after allowing minors to consume alcoholic beverages failed to provide safe transportation to the Plaintiff, when the aforesaid Defendants knew or should have known in the exercise of ordinary care that the providing of safe transportation was necessary;

"H. Defendants in allowing minors to consume alcoholic beverages had reason to know, or should have known in the exercise of ordinary care that they were dealing with minors whose characteristics make it especially likely that said minors would do unreasonable things and it would be expected by virtue of their youth alone and in connection with the circumstances be involved in dangerous activities after the consumption of alcoholic beverages; and,

"I. Defendants further violated the statutory and common laws by furnishing or allowing alcoholic beverages to be furnished to minors in their home."

Defendants responded with a motion for partial summary judgment "pursuant to Rule 117", contending that plaintiff's complaint failed to state a claim for which relief could be granted. This ground for summary judgment is authorized by GCR 1963, 117.2(1), which tests the legal adequacy of the pleadings. In ruling on such a motion, the court determines whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Abel v Eli Lilly & Co*, 418 Mich 311, 323; 343 NW2d 164 (1984). The Court accepts as true all well-pleaded facts. *Id.*, p 324.

Plaintiff's allegations of negligence fall basically into three categories: that defendants permitted alcohol to be consumed by persons under 21 years of age in their home; that defendants furnished alcohol to these young persons; and that defendants had a duty to provide safe transportation to plaintiff.

A person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor. MCL 436.33(1); MSA 18.1004(1). Violation of a penal statute gives rise to a prima facie case of negligence. *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976). This statute, part of the Michigan Liquor Control Act, gives rise to a civil cause of action for injuries or death caused by the furnishing of liquor to a minor by a social host or other persons not falling under the purview of the Liquor Control Act. *Longstreth v Fitzgibbon,* 125 Mich App 261, 266; 335 NW2d 677 (1983), *lv gtd* 418 Mich 876 (1983). However, averments that defendants negligently supervised the dispensation and consumption of alcohol by persons under 21 years of age do not state a cause of action upon which relief can be granted. *Id.,* p 267. Where the under-21 drinkers purchased their alcoholic beverages elsewhere and merely consumed them in defendants' home, no cause of action arises from the statute. *Christensen v Parrish,* 82 Mich App 409; 266 NW2d 826 (1978), *lv den* 403 Mich 845 (1978). In *Christensen, supra,* where the defendant did not supply the intoxicants, and was not present in the house when additional intoxicants were served or when an intoxicated minor left the house with the plaintiff, no common-law duty to refrain from know-

ingly permitting minors to consume alcoholic beverages in the defendant's home was found to exist.

To the extent that plaintiff in this case alleged that defendants furnished alcoholic beverages to persons under 21 years of age in their home, plaintiff stated a cause of action upon which relief can be granted. However, plaintiff's pleading offers no details supporting this allegation, and plaintiff has not advanced the "furnishing" theory either before the trial court or before this Court. Instead, plaintiff argues that there should be a cause of action against parents who permit persons under age 21 to drink in their home.

Although plaintiff refers to the young people involved in this case as "minors", they were not. At the time of this incident, decedent Reinert was 19 years old, plaintiff Kasco was 18 years old, as was defendant David Dolezel, Jr. A person who is 18 years of age is deemed to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age, notwithstanding any other provision of law to the contrary. MCL 722.52; MSA 25.244(52). These people were not minors; they were adults who were not old enought to drink alocholic beverages legally. Any duty the parents had to supervise their child's conduct ended when that child became an adult. To make homeowners civilly liable for illegal activity being conducted by adults in their home, of which the homeowners have no part, would be to break new ground in Michigan jurisprudence. The problem of teenagers who drink and drive is a serious one. But we know of no jurisdiction which imposes a duty upon homeowners to stop adults from illegally drinking in their home. As plaintiff concedes, courts have extended liability to social hosts, based either on

statute or common law, only where the defendant host actively furnished or served the alcohol, *e.g., Congini v Portersville Valve Co,* 504 Pa 157, 163; 470 A2d 515 (1983) ("It is the person's service which forms the basis of the cause of action"); *Wilson v Steinbach,* 98 Wash 2d 434; 656 P2d 1030 (1982).

There is no duty to control the conduct of a third party so as to prevent him from causing physical harm to another unless a special relationship exists. 2 Restatement of Torts, 2d, § 315, p 122. Such a special relationship, making an employer liable for injuries caused by an intoxicated employee after leaving an office party, has been held to arise from the master-servant relationship. *Romeo v Van Otterloo,* 117 Mich App 333; 323 NW2d 693 (1982), *lv den* 417 Mich 1004 (1983). Parents are under a duty to exercise reasonable care to control their minor child, 2 Restatement of Torts, 2d, § 316, p 123, *American States Ins Co v Albin,* 118 Mich App 201; 324 NW2d 574 (1982), *lv den* 417 Mich 955 (1983), but this duty ends when the child becomes an adult, and that happens in Michigan at age 18.

Plaintiff also contends that defendants had a common-law duty to provide safe transportation for the teenagers drinking in their home. Plaintiff cites no authority for such a duty, and we have found none. To the contrary, this Court held in *Westcoat v Mielke,* 108 Mich App 115; 310 NW2d 293 (1981), *lv den* 413 Mich 862 (1982), That the plaintiff there had no cause of action against the defendants who allegedly forced him, while intoxicated, to leave their home and attempt to drive his automobile. Defendants in this case did not force the young people to leave, and the only person alleged to be intoxicated that evening was defen-

dants' son, David Dolezel, Jr., who was already home.

The trial court correctly determined that plaintiff failed to state a cause of action against defendants.

Affirmed.