CODDINGTON v ROBERTSON

Docket No. 89125. Submitted February 10, 1987, at Detroit. Decided May 19, 1987.

Patricia Coddington brought a malpractice action in Oakland Circuit Court against William J. Robertson, Ph.D., a psychologist from whom she had received therapy. Following mediation, the case was remanded to the 48th District Court, where defendant's motion for accelerated judgment on the basis of the expiration of the statutory period of limitations was granted. The circuit court, Gene Schnelz, J., affirmed on appeal. Plaintiff sought, and was granted, leave to appeal.

The Court of Appeals *held:*

The two-year period of limitation had expired by the time plaintiff filed her action on June 9, 1983, since defendant last treated plaintiff on March 2, 1981. Telephone conversations between the parties subsequent to March 2, 1981, wherein defendant refused to resume treatment did not constitute part of the treating or otherwise serving plaintiff necessary to provide a basis for a claim of malpractice against defendant for purposes of determining the running of the period of limitations.

Affirmed.

1. LIMITATION OF ACTIONS — STATUTES.

The underlying purposes behind statutes of limitations are to require that complaints be filed within a reasonable time so that the opposing parties have a fair opportunity to defend, to relieve the court system from dealing with stale claims, and to protect potential defendants from protracted fear of litigation.

2. LIMITATION OF ACTIONS — QUESTIONS OF LAW.

The issue of whether a claim was brought within the applicable limitation period is a question of law for the court to decide

REFERENCES

Am Jur 2d, Limitation of Actions §§ 17, 488.

Am Jur 2d, Physicians and Surgeons §§ 318-320.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

where the undisputed facts reveal that a claim is barred by the statute of limitations.

3. LIMITATION OF ACTIONS — MALPRACTICE — REFUSAL TO TREAT.

A psychologist's refusal to resume treating a patient is not "treatment" within the meaning of the statute limiting the time in which an action for malpractice may be maintained (MCL 600.5805; MSA 27A.5805).

*Weisman, Trogan, Young & Schloss, P.C.* (by *John A. Ruemenapp*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Vincent A. Rhodes* and *Gary J. Weston*), for defendant.

Before: DANHOF, C.J., and WEAVER and J. M. BATZER,* JJ.

WEAVER, J. Plaintiff appeals by leave granted from the Oakland Circuit Court's affirmance of the 48th District Court's accelerated judgment granted to defendant based on the statute of limitations, GCR 1963, 116.1(5), now MCR 2.116(C)(7). We affirm.

I

Defendant is a psychologist from whom plaintiff received therapy between August of 1979 and March 2, 1981. During this period, plaintiff wrote frequently to defendant, causing the letters to be delivered immediately before her scheduled appointments. On March 7, plaintiff sent defendant a letter which arrived on March 9, 1981, the day of her next scheduled therapy session. The letter stated in relevant part:

What I would really like to do is to hurt or kill

---

* Circuit judge, sitting on the Court of Appeals by assignment.

. . . you and all people like you . . . I wish that I could kill you . . . .

Defendant took these statements as a death threat which comported with psychological test results, and plaintiff's stated fantasies, showing her to be capable of violence. Defendant therefore called plaintiff's place of employment with the message that he could not make the scheduled appointment that afternoon. When plaintiff went to the session anyway, she found defendant's office locked.

On March 12, 1981, plaintiff spoke with defendant by telephone. Defendant stated that plaintiff should take a "respite," "hiatus," or "break" from therapy, and in his deposition also stated:

I felt that without therapy to stir matters up, that she could gain control. Sometimes the best therapy is none.

Plaintiff's understanding from the conversation was that defendant had discontinued treatment, although in a couple of months he might consider resuming treatment if in the interval she would forego therapy and stop writing to him. Instead of terminating therapy, however, plaintiff on March 20, 1981, sought counsel from a priest. Then at the end of that month she began treatment with another therapist, Dr. Romulo Ancog, with whom she continued therapy through the time of her circuit court appeal.

On June 23, 1981, plaintiff again telephoned defendant, as he had invited her to do in their March 12, 1981, conversation. Plaintiff asserts that defendant told her he would not resume treatment; defendant does not remember the call. During 1981 and 1982, plaintiff continued writing

letters to defendant and also to her second therapist, expressing anger toward defendant and threatening to "report" him and his "unprofessional manner."

On June 9, 1983, plaintiff filed a complaint in Oakland Circuit Court. When defendant in December, 1983, moved for accelerated judgment under then GCR 1963, 116.1(5), now MCR 2.116(C)(7), due to expiration of the statutory period of limitations, the motion was denied without prejudice pending further discovery. Following mediation, the case was remanded to the 48th District Court in October, 1984. In December, 1984, defendant again moved for accelerated judgment on the same grounds. On April of 1985, after hearing argument and considering the pleadings, affidavits, depositions and letters written by plaintiff, the district court granted defendant's motion without opinion. Upon appeal as of right, the Oakland Circuit Court affirmed the district court's decision. We granted plaintiff's application for leave to appeal.

II

Plaintiff argues that the complaint is timely both under the two-year statute of limitations governing malpractice actions, MCL 600.5805; MSA 27A.5805, and under the six-month "discovery" rule, MCL 600.5838; MSA 27A.5838.[1] We disagree.

The underlying purposes behind statutes of limitation are to require that complaints be filed within a reasonable time so that the opposing parties have a fair opportunity to defend, to re-

[1] We note that both statutes were amended in 1986. However, the statutory wording pertaining to plaintiff's suit as herein quoted is that which existed when plaintiff's cause of action arose, and prior to the 1986 amendment. *Wallisch v Fosnaugh,* 126 Mich App 418; 336 NW2d 923 (1983), lv den 418 Mich 871 (1983).

lieve the court system from dealing with stale claims, and to protect potential defendants from protracted fear of litigation. *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974). In considering a motion for accelerated judgment based on a statute of limitations, the trial court is to consider the pleadings, affidavits, depositions, admissions and documentary evidence submitted by the parties. MCR 2.116(G)(5). The motion may not be granted if there exist material fact issues in dispute regarding discovery of the asserted malpractice. *Kelleher v Mills,* 70 Mich App 360, 365; 245 NW2d 749 (1976). But if the facts are not in dispute, the issue whether the claim is statutorily barred becomes one of law for the court. *Smith v Sinai Hosp,* 152 Mich App 716, 724-725; 394 NW2d 82 (1986). See also *Schalm v Mt Clemens Gen Hospital,* 82 Mich App 669, 672; 267 NW2d 479 (1978).

Here, the trial court appropriately considered the pleadings, affidavits, depositions and letters written by plaintiff. The facts were not in dispute; the dispute centered upon conclusions to be drawn from the facts. Plaintiff asserts that "failure to treat" was actually treatment. What constitutes "treating or otherwise serving" under MCL 600.5838(1); MSA 27A.5838(1)[2] is a matter of statutory construction, which is a question of law for the courts. *Cotter v Blue Cross & Blue Shield of Michigan,* 94 Mich App 129, 135; 288 NW2d 594 (1979).

Plaintiff's assertion that "failure to treat" was

[2] MCL 600.5838(1); MSA 27A.5838(1) provides in pertinent part:

(1) A [malpractice claim] accrues at the time that person discontinues *treating or otherwise serving* the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [Emphasis added.]

actually treatment, and that therefore her treatment did not cease until the telephone conversation of June 23, 1981, is directly contrary to case law. *Kelleher, supra,* pp 365-366. See also *Bosel v Babcock,* 153 Mich App 592, 596; 396 NW2d 448 (1986). Authority cited by plaintiff for the opposite position is easily distinguishable, since in this case defendant made clear, and plaintiff understood, that defendant refused to continue treating her.[3]

Plaintiff's last session with defendant was on March 2, 1981. During the telephone conversation of March 12, 1981, defendant told plaintiff that he would not continue treatment and would only consider resuming treatment at a later time if plaintiff during the interim made certain changes. Contrary to plaintiff's present assertions, plaintiff did not make these changes. Instead, she continued in therapy and sent more letters to defendant. Hence the limitation period began to run as of March 2, 1981, the date of plaintiff's last treatment. MCL 600.5838(1); MSA 27A.5838(1). Therefore the trial court was correct in concluding that by the time plaintiff filed her complaint for malpractice on June 9, 1983, the two-year limitation period had expired and plaintiff's suit was barred. To conclude otherwise would contravene the policy behind statutes of limitation; defining "refusal to treat" as "treatment" would extend such statutes indefinitely.

Finally, plaintiff contends that her cause of action is not barred under the six-month "discov-

---

[3] In *DeGrazia v Johnson,* 105 Mich App 356; 306 NW2d 512 (1981), the defendant did not refuse to treat the plaintiff during the telephone call at issue. In *Thomas v Golden,* 51 Mich App 253; 214 NW2d 907 (1974), modified, 51 Mich App 693; 214 NW2d 907 (1974), aff'd 392 Mich 779 (1974), the defendant "otherwise served" the plaintiff by granting an appointment to her. In *Shane v Mouw,* 116 Mich App 737; 323 NW2d 537 (1982), there was no evidence that defendant had intended to discontinue treatment, and during a telephone call made by plaintiff's son to plaintiff's doctor, the defendant doctor made an evaluation and offered to prescribe medication.

ery" rule of MCL 600.5838(2); MSA 27A.5838(2),[4] because she filed her complaint within six months of discovering the alleged malpractice. This issue appears to be without merit; however, we need not address its demerits because the issue was conceded below and hence was abandoned on appeal.[5] *Kast v Citizens Mutual Ins Co,* 125 Mich App 309, 313; 336 NW2d 18 (1983).

In conclusion, we uphold the circuit court's affirmance of accelerated judgment granted to defendant in district court for the reason that plaintiff failed to meet the two-year limitation period.

Affirmed.

---

[4] MCL 600.5838(2); MSA 27A.5838(2) provides in pertinent part:

> (2) an action involving a [malpractice claim] may be commenced at any time within the applicable period prescribed in sections 5805 . . . , or *within six months after the plaintiff discovers or should have discovered* the existence of the claim, whichever is later. [Emphasis added.]

[5] Plaintiff's attorney conceded this point before the district court during argument on the motion for accelerated judgment, stating in response to defense counsel's assertion that "[plaintiff] felt abandoned right from March of 1981": "I am not disputing that she knew that she had been abandoned . . . . She certainly knew she had been abandoned and that something had been done terribly to her. . . . Certainly, she knew that Dr. Robertson refused to treat her. There is no question about that. . . ."