BAMBINO v DUNN

Docket No. 94172. Submitted November 4, 1987, at Detroit. Decided March 7, 1988. Leave to appeal applied for.

Scott Bambino died as a result of injuries sustained in an automobile accident involving Duane Dunn. Shortly before the accident, Dunn, who was less than twenty-one years of age, had consumed beer at a party held at the residence of Donald and Lillie Lauraine, but hosted by Karen White. Beverly Bambino, as personal representative of the estate of Scott Bambino, brought an action in Wayne Circuit Court against Dunn, White and the Lauraines. With respect to the Lauraines (hereafter defendants), plaintiff alleged, inter alia, that they were liable for Scott Bambino's death based on their negligence in furnishing an alcoholic beverage to Dunn. The trial court, John H. Hausner, J., granted summary disposition in favor of defendants, ruling that no material factual issues existed and that defendants were entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

1. Defendants did not furnish an alcoholic beverage within the meaning of the statute which proscribes the sale or furnishing of alcoholic liquor to a person who is less than twenty-one years of age and provides a basis for a civil cause of action for injuries or death caused thereby. The food and beverages served at the party were supplied by White and, as host, she retained control over the party, with defendants merely allowing White to use their premises.

2. The duty to supervise Dunn's consumption of alcohol fell not on defendants but on White.

Affirmed.

D. E. HOLBROOK, JR., J., dissented and would hold that defen-

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 274, 554, 555, 561 *et seq.*

Liability of persons furnishing intoxicating liquor for injury to or death of consumer, outside coverage of civil damage acts. 98 ALR3d 1230, sec.1.

Serving liquor to minor in home as unlawful sale or gift. 14 ALR3d 1186.

dants' conduct amounted to an assumption of sufficient control over the party and the supplying of beer so that they may be said to have furnished an alcoholic beverage to a minor within the meaning of the statute. He would reverse and remand for trial.

INTOXICATING LIQUORS — FURNISHING LIQUOR TO MINORS.

A person who merely allows the use of his residence as a site of a party hosted by another, at which alcoholic beverages supplied by the host are consumed by a person under the age of twenty-one, does not furnish alcoholic beverages to the minor nor is he liable in a civil action for injuries or death caused by the intoxicated minor (MCL 436.33; MSA 18.1004).

*Milan, Miller, Berger, Brody & Miller, P.C.* (by *Martin M. Miller*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Matthew A. Seward* and *Rosalind Rochkind*), for defendants Lauraine.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and S. N. ANDREWS,* JJ.

J. H. GILLIS, P.J. Plaintiff appeals as of right from the trial court's order granting defendants Lauraines' motion for summary disposition. MCR 2.116(C)(10). We affirm.

On June 19, 1983, defendant Karen White hosted a high school graduation party for her daughter Kim White. Because the Whites lived in an apartment, Karen White asked Lillie and Donald Lauraine if she could use their home to have the party. Lillie Lauraine is Karen White's sister and Donald Lauraine is Karen White's brother-in-law. The Lauraines agreed. Karen White invited the guests and provided the food and beverages, including beer, to be served at the party.

Nineteen-year-old defendant Duane Dunn attended the party. He claimed that he drank six

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

beers while he was there. Apparently, the beer was set out on the same table as the other food and beverages or was in a keg. The guests were able to serve themselves; however, Karen White did inform some of the minor guests, but not Dunn, that the beer was only for adults (i.e., those who could legally drink). The Lauraines knew that beer was to be served at the party and, although they attended the party, they believed that it was White's party and that she should regulate whatever drinking occurred.

Dunn left the White party at 2:00 A.M. and went to a gasoline station. There, Dunn exchanged words with Dean Lamoureux, the driver of another vehicle. Decedent Scott Bambino was a passenger in Lamoureux's vehicle. Both vehicles left the gasoline station. Dunn claims that thereafter Lamoureux attempted to run him off the road and an accident, in which Bambino was killed, occurred. Lamoureux apparently claims that he was merely attempting to pass Dunn's vehicle. Following the accident, Dunn had a blood-alcohol level of 0.08 and 0.09 percent.

Plaintiff, decedent's personal representative, sued defendants and settled a claim against Lamoureux for $20,000. Plaintiff alleged in her second amended complaint that the Lauraines were negligent because they (1) "negligently, carelessly and recklessly allowed alcoholic beverages to be furnished on their premises and/or furnished alcoholic beverages" to Dunn, (2) "knowingly furnished alcoholic beverages" to Dunn, (3) failed to warn Dunn of his intoxicated condition, (4) failed to properly supervise the party to prevent minors from drinking, (5) failed to provide alternate means of transportation for Dunn, (6) failed to prevent others from bringing intoxicating beverages to their party and giving these to Dunn, and

(7) failed to supervise the dispensing of alcoholic beverages.

The Lauraines moved for summary disposition, claiming that they had not furnished the alcohol, but had merely allowed Karen White to use their premises for the party. The Lauraines further claimed that Karen White had retained control over the party. Plaintiff responded that the Lauraines furnished the alcohol because they were the home's owners, they knew that alcohol would be served at a high school graduation party, inevitably attended by minors, and they attended the party, where they allegedly observed minors drinking. As noted above, the trial court held for the Lauraines.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). In ruling on such a motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions and other documentary evidence and must give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material fact. *Id.* Summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.* The party opposing the motion may not rest on his pleadings but, instead, must come forward with evidence to establish the existence of a material factual dispute. *Id.* If the nonmoving party fails in this burden, the motion is properly granted. *Id.* at 789.

In this case, it is undisputed that the Lauraines allowed Karen White to use their home for the party and that she hosted the party and provided the food and beverages. In *Longstreth v Gensel,*

423 Mich 675; 377 NW2d 804 (1985), our Supreme
Court held that a civil cause of action exists for
injuries or death caused by the furnishing of alco-
holic beverages to a person under twenty-one years
of age by a social host. MCL 436.33; MSA 18.1004
provides in part:

> A person who knowingly sells or furnishes alco-
> holic liquor to a person who is less than 21 years
> of age, is guilty of a misdemeanor.

Our Supreme Court reasoned that violation of this
penal statute gave rise to a rebuttable presump-
tion of negligence. *Longstreth, supra.* Although
MCL 436.2n; MSA 18.972(14) provides that sale
"shall include exchange, barter or traffic, furnish-
ing or giving away any alcoholic liquor," furnish is
not defined. There are, however, several cases
which have discussed furnishing.

In *People v Neumann,* 85 Mich 98; 48 NW 290
(1891), the defendant testified that an adult, who
was sitting at a table with another adult and a
minor, ordered beer and took money out of his
pocket to pay for it. The defendant brought beer
and three glasses to the table. Because the defen-
dant was busy, he did not take the money immedi-
ately and, when he returned to get the money, the
minor gave it to him. The defendant claimed that,
if the adult ordered the beer and paid for it, he
was not responsible for selling, giving or furnish-
ing liquor to the minor, relying on an Illinois case.
Our Supreme Court noted that the Illinois case
merely interpreted a statute prohibiting the "sell-
ing or giving" of alcohol to a minor. The Court
then held:

> [O]ur statute goes further than the Illinois law,
> and punishes the "furnishing" of liquor to a mi-

nor, and the furnishing of liquor is "letting a minor have liquor," and is something more than giving. A narrow and technical definition of the word "giving" might restrict its meaning to the handing of the liquor to him direct by the person giving it, as seems to be held by the supreme court of Illinois; but it is not necessary that a person should hand the liquor to a minor in order to furnish it. If the liquor, belonging to the person and under his control, is, by his consent or connivance, permitted to be taken and drank by the minor, whether it is passed to him direct or through the hands of another is immaterial; the liquor in either case is *furnished* to such minor, within the meaning of our statute. [*Neumann, supra* at 102. Emphasis in original.]

In *People v Lumley,* 189 Mich 613; 155 NW 486 (1915), the defendant owned a building which was the headquarters of the Lakeview Fishing Club. Club members were allowed to keep liquor stored there and to drink it there. Beer arrived at the building with the owner's name attached. Sometimes, a member would sign a beer order and the defendant would place the order with the wholesaler and pay the wholesaler for the beer. The defendant kept the ordered beer in a room. Whenever a member wanted beer he would have to buy a card which cost $1. If the member had paid for the beer himself, the defendant would punch one hole in the card for each beer ordered; however, if the member had requested the defendant to order the beer, the defendant would punch two holes in the card. Each card had twenty-four punch places. In this way, a member would have to buy another card after consuming twelve beers if he had asked the defendant to order the beer. The defendant testified that the beer remained under his control and, before a member could get any beer, he had to use a card.

One adult club member came to the club with three minors. The group went into the parlor and the adult went into the kitchen and ordered four beers. The defendant took four bottles of beer and four glasses into the parlor. The defendant did not know anyone in the group and did not pay attention to where the minors, if any, were. The adult then ordered some sandwiches shortly thereafter and, when the defendant brought them, he observed each person drinking beer from the glasses previously provided.

The defendant claimed that he was not guilty of furnishing liquor to a minor if all he did was to deliver beer to the adult; instead, the defendant claimed that he must have had some knowledge that the adult would deliver the beer to the minors. Our Supreme Court held that the defendant intended to supply the entire group with beer because he brought four glasses as well as four beers into the parlor. Although the defendant did not know the minors, he produced the liquor expecting that they would drink part of it because he provided them with glasses to do so. The Court further held that it was immaterial that the adult member was the technical owner of the beer where the defendant admitted that the member could not obtain the beer except through him. Finally, the Court noted that, although the adult member was also guilty of furnishing liquor to the minor, this did not absolve the defendant's guilt because there could be joint furnishing of the liquor.

In *Christensen v Parrish*, 82 Mich App 409; 266 NW2d 826 (1978), lv den 403 Mich 845 (1978), the defendant was a homeowner. The undisputed evidence showed that the beverages which were consumed by the minors were brought to the home by the minors. This Court held that the defendant did

not furnish the alcohol, purchase the alcohol, or give it to the minors.

The plaintiff in *Christensen, supra,* also claimed that the defendant had a common-law duty not to knowingly permit minors to drink on her premises (i.e., a duty not to knowingly permit others to serve or furnish intoxicants to a minor). This Court rejected the plaintiff's claim under the facts of the case. We note that the defendant did not keep liquor in her house or know that an impromptu party would take place in her home because, when she left for work, she believed that the minors were leaving; instead, more beer was purchased and consumed by the minors in her absence.

More recently, in *Reinert v Dolezel,* 147 Mich App 149; 383 NW2d 148 (1985), lv den 424 Mich 900 (1986), the minors, including the defendant homeowners' eighteen-year-old son, purchased alcoholic beverages and consumed them in the defendants' home. Thereafter, defendants' son was involved in an accident in which one of his passengers was killed and the other was injured. The plaintiffs sued the defendant homeowners, alleging that they were negligent because they (1) knowingly permitted minors to consume alcohol on their premises without proper supervision, (2) negligently allowed their son to become intoxicated without proper supervision, (3) failed to provide the plaintiffs with safe transportation after allowing them to become intoxicated, and (4) furnished or allowed alcoholic beverages to be furnished to minors in their home.

The defendant homeowners moved for summary disposition, alleging that the plaintiffs had failed to state a claim upon which relief could be granted. This Court agreed that, insofar as the plaintiffs alleged that the defendants had negli-

gently supervised the dispensation and consumption of alcohol to minors, the plaintiffs had failed to state a claim upon which relief could be granted.

However, this Court did find that plaintiffs stated a claim upon which relief could be granted when they alleged that the defendants knowingly furnished alcohol to minors. Nonetheless, this Court believed that the plaintiffs had abandoned that theory in favor of a claim that the defendants were liable because they had allowed minors to drink in their home. This Court held that any duty the defendants had to supervise their son's conduct ended when he turned eighteen, although he could not drink until he was twenty-one. This Court also noted that it would not make the homeowners civilly liable for illegal activity conducted by adults in their home where the homeowners had no part in the activity. This Court further noted that social hosts have been held liable only where they actively furnished or served the alcohol.

Finally, this Court rejected plaintiffs' claim that defendant had a common-law duty to provide safe transportation for the teenagers drinking in their home. *Id.*

Initially, we reject plaintiff's contention that the question whether the Lauraines' conduct is encompassed by the statutory word "furnishing" is one of fact for the jury to decide; instead, the question is one of statutory construction and presents an issue of law for this Court to decide. *Coddington v Robertson,* 160 Mich App 406, 410; 407 NW2d 666 (1987). Since the facts concerning the Lauraines' activity as to this party are undisputed, there is no genuine issue of material fact and what remains to be decided under MCR 2.116(C)(10) is whether the Lauraines are entitled to judgment as a matter of

law, i.e., whether the Lauraines' conduct constituted the furnishing of alcoholic beverages. *Id.*

We hold that it did not. It is undisputed that the Lauraines relinquished control of the premises to Karen White. The Lauraines' conduct in this case is similar to the conduct of an owner of a rental hall, who provides his premises for the renter's use. White provided the food and the beverages. The liquor did not belong to defendants and they did not retain control over it. See and compare *Lumley, supra; Neumann, supra.* To the extent that plaintiff's claim is that the Lauraines had a duty to supervise Dunn's consumption of alcoholic beverages, no such duty existed where Karen White furnished the alcohol. See and compare *Reinert, supra; Christensen, supra.* Similarly, the other allegations in plaintiff's second amended complaint fail to state a claim upon which relief can be granted. *Id.* While the dissent notes that it must have appeared to the guests that the party was jointly hosted, the undisputed facts show that Karen White, and not the Lauraines, hosted the party. Moreover, unlike the dissent, we find *Reinert* and *Christensen* dispositive on the issue of whether the Lauraines had a duty to supervise the minors where they did not furnish or serve Dunn alcohol. The dissent claims that the Lauraines necessarily had a duty to supervise their premises and that they would have intervened in a variety of situations. Whether the Lauraines would have intervened in those situations is irrelevant because they had no duty to supervise Dunn's consumption of alcohol where they did not sell, furnish or give alcohol to him. *Id.*

Affirmed.

S. N. ANDREWS, J., concurred.

D. E. HOLBROOK, JR., J. *(dissenting)*. I would reverse and remand for trial.

The question presented is whether the Lauraines' conduct amounted to the furnishing of alcoholic liquor within the contemplation of MCL 436.33; MSA 18.1004, thereby triggering potential civil liability in accordance with *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985). Prior cases interpreting the furnishing requirement of MCL 436.33; MSA 18.1004 or similar predecessor statutes prohibiting the furnishing of alcoholic beverages to underage persons have required the actor to assume some control over whether alcohol would be made available or to take some part in the supplying of alcohol to those protected by the statute. *People v Neumann,* 85 Mich 98; 48 NW 290 (1891); *Christensen v Parrish,* 82 Mich App 409, 412; 266 NW2d 826 (1978), lv den 403 Mich 845 (1978). In order to satisfy the furnishing requirement, it is not necessary that the actor physically deliver the beverage to the underage person, furnishing having been broadly defined as "letting a minor have liquor." *Neumann, supra,* p 102. The fact that the defendant does not have legal title to the furnished beverage is not always decisive. *People v Lumley,* 189 Mich 613, 618; 155 NW 486 (1915).

I conclude that the Lauraines' conduct amounted to an assumption of sufficient control over the party and the supplying of beer that they may be said to have furnished within the contemplation of the statute. The party was conducted at the Lauraine residence pursuant to their permission, and the beer was made available with their knowledge. To the casual observer attending as a guest, it must have appeared that the Lauraines jointly hosted the party with Karen White and assumed responsibility for those activities con-

ducted at their own residence. To argue otherwise ignores the underlying realities of social gatherings. What if a guest had engaged in destructive behavior? What if a guest had engaged in misconduct offensive to other guests? What if a guest did something repugnant to the moral and social sensibilities of the homeowner? Is it reasonable to expect that the homeowners would have idly stood by because it was not their party? My point is simply that the statutory furnishing requirement is satisfied when a defendant's conduct permits an underage person to consume an alcoholic beverage under circumstances indicative of the defendant's control of the situation. The majority seems to equate the furnishing requirement with the physical handing over of the beverage for the underage person's intended consumption. I cannot accept this overly rigid interpretation. The circumstances of this case establish a degree of control vested with the Lauraines to the extent that cases like *Reinert v Dolezel*, 147 Mich App 149; 383 NW2d 148 (1985), lv den 424 Mich 900 (1986), and *Christensen, supra,* are to be distinguished. I fail to see how control was undisputedly and exclusively vested in Karen White or how it can be said that Karen White undisputedly hosted the party. Even if the parties did designate Karen White as the party host, they cannot, in so doing, allocate liability contrary to the overriding realities of this case, which, if established at trial, would invoke a duty under MCL 436.33; MSA 18.1004. In effect, the majority permits a defendant to disclaim responsibility and wash his hands by a self-serving allegation that the party was to be hosted under the auspices of another.

I would reverse and remand for trial.